In the Matter of the Admission of Marilyn Townsend.

Supreme Court

*No. 85–1103–BA. Filed November 5, 1985.*
(Also reported in 375 N.W.2d 656.)

PER CURIAM. *Review of Board of Attorneys Professional Competence determination; matter remanded to Board for further consideration.*

We review, pursuant to our original jurisdiction in bar admission matters, the determination of the Board of Attorneys Professional Competence (Board) that the applicant, Ms. Marilyn Townsend, does not qualify for admission to practice law in Wisconsin on proof of practice elsewhere under the court's bar admission rules, SCR Chapter 40. The Board determined that Ms. Townsend's legal work did not constitute "the active practice of law," as that term is used in SCR 40.05(1)(b),[1] but was "legal

---

[1] SCR 40.05 provides in its entirety:
"(1) An applicant shall satisfy the requirements as to legal competence by presenting to the clerk:
"(a) proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia;

service as corporate counsel," which SCR 40.05 (2) requires to have been conducted in a state where the applicant was admitted to practice law in order to be deemed the practice of law for the purposes of bar admission under SCR 40.05. Because Ms. Townsend's legal work occurred in a jurisdiction in which she had not been admitted to practice, the Board determined that she did not qualify for admission on proof of practice elsewhere and recommended that her application for bar admission in Wisconsin be denied.

We conclude that the record is insufficient to serve as a basis for determining the type of legal work Ms. Townsend performed, and we therefore remand the matter to the Board for further consideration.

Ms. Townsend was admitted to practice law in Georgia in 1979 and was employed as an attorney for the United Mine Workers (UMW) of America in Washington, D.C., from October, 1979, to September, 1983. She was not

"(b) proof that he or she has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission.

"(2) Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b).

"(3) The following activities, whether or not conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purpose of sub. (1)(b):

"(a) service as a judge of a court of record of the United States, any state or territory or the District of Columbia;

"(b) legal service with any local or state government or with the federal government;

"(c) legal service in the armed forces of the United States;

"(d) teaching in any law school approved by the American bar association.

"(4) An applicant who has failed the Wisconsin bar examination shall not be eligible for admission on proof of practice elsewhere for a period of 2 years from the date of notification by the board of the failure."

admitted to the District of Columbia bar until April 8, 1985; consequently, her legal work for UMW was conducted in a jurisdiction where she had not been admitted to the bar. Her employment with UMW was the basis of her application for admission to practice law in Wisconsin under SCR 40.05.

In January, 1985, the Board concluded that Ms. Townsend was ineligible for admission on proof of practice elsewhere for the reason that she had not been primarily engaged in the active practice of law in a jurisdiction where admitted for three of the five years immediately preceding her application for admission. The Board also concluded that Ms. Townsend's employment did not qualify under any of the exceptions set forth in SCR 40.05(3) to the requirement that practice occur in a jurisdiction where admitted. Ms. Townsend then submitted additional material supporting her application for admission and contesting the Board's determination.

In May, 1985, the Board issued findings of fact that Ms. Townsend had not maintained a law office open to the public in the District of Columbia, had no clients other than UMW, performed her legal work in an office located in the UMW headquarters building, used office stationery that did not list her name in its letterhead but only that of the UMW Legal Department, was not listed in a telephone directory as an attorney, and did not hold herself out as a member of the District of Columbia Bar. The Board then concluded that Ms. Townsend was ineligible for admission under SCR 40.05 "because the nature of her legal service was that of corporate counsel . . . and her legal service was performed in the District of Columbia, a jurisdiction in which she was not admitted to the practice of law at any time of her employment. On the basis of these findings and conclusions, the Board recommended to the court that her application for admission be denied.

Because her legal work had been conducted in a jurisdiction in which she had not been admitted to the practice of law, Ms. Townsend had the burden of satisfactorily establishing either of the following: (1) that she had been "primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia," which we held in *Application of Kurt V. Blue Dog,* 126 Wis. 2d 136, 375 N.W.2d 660 (1985), not to require admission to practice in the jurisdiction where the law work occurred, provided the work did not constitute the unauthorized practice of law in that jurisdiction, or (2) that her work was of the kind listed in SCR 40.05(3), which may be deemed to constitute "the practice of law" for bar admission purposes regardless of the applicant's admission to practice in the jurisdiction where the work occurred. It is clear that Ms. Townsend's legal service with UMW was not of the type set forth in SCR 40.05(3) ; therefore, the issue is whether that work constituted "the active practice of law," as that term is used in SCR 40.05(1)(b).

Ms. Townsend contended the Board had improperly construed SCR 40.05(1)(b) to require law practice elsewhere to have been conducted in a jurisdiction where the applicant was admitted, unless one of the exceptions set forth in SCR 40.05(3) applied. This court's holding in *Application of Blue Dog, supra,* concludes this issue in Ms. Townsend's favor in light of her statement, which the Board did not contest, that her employment with UMW, including appearances before federal courts and administrative bodies, was authorized by federal statute and was consistent with applicable rules of the District of Columbia Bar. There remains, then, the question whether Ms. Townsend's legal work for UMW constituted "the active practice of law," qualifying her for admission to the practice of law in this state.

Ms. Townsend argued that her legal work "consisted principally of trial work and appellate litigation in the

Courts of the United States and the representation of UMW in matters before federal agencies," and she contested the Board's conclusion that her work was that of corporate counsel on the ground that UMW is an unincorporated association, not a corporate entity and, therefore, her legal work does not fall within the plain meaning of SCR 40.05(2). In support of her position, she referred to the court's 1980 amendment of the bar admission rules, at which time the court considered a proposal to limit eligibility for admission on proof of practice elsewhere of any government attorney, law teacher, corporate counsel or trust officer to persons who had performed those services in a jurisdiction where admitted. The court deleted the "where admitted" requirement with respect only to government attorneys and law professors, and from this Ms. Townsend argued that, had the court deemed it advisable to require practice by attorneys for unincorporated associations to have been in a jurisdiction where admitted, it would have done so.

Further, Ms. Townsend contended that the Board had made no findings concerning the nature of her legal service for UMW to support its conclusion that her practice was, in effect, that of corporate counsel. However, she ignored the Board's explicit findings that she had not maintained an office open to the public, had no telephone listing identifying her as an attorney, used office stationery which did not contain her name but only that of her employer's legal department, and worked from her office in UMW headquarters. It was on the basis of these facts that the Board concluded Ms. Townsend had no "professional identity" apart from that of her employer.

In her request for review of the Board's determination, Ms. Townsend requested that, if the court determines on the basis of the present record she is not elig-

ible for bar admission, her application be remanded to the Board for further consideration. She argued that the Board's determination denied her due process because the Board changed the basis for its determination between January and May of 1985. The January, 1985 determination, Ms. Townsend contended, was made on the basis of the Board's construction of SCR 40.05(1)(b) to require law practice to have been in a jurisdiction where the applicant was admitted, and its May, 1985 determination was based on the Board's conclusion that her law practice constituted legal service as corporate counsel under SCR 40.05(2). Ms. Townsend claimed this change in the Board's basis for its determination denied her the opportunity to contest the May, 1985 determination.

We are unpersuaded that Ms. Townsend has been denied due process. The Board's January letter, although not using the term "corporate counsel," referred to her legal work as that of a "staff attorney with the United Mine Workers of America." This was sufficient to put Ms. Townsend on notice that the Board had taken into consideration the kind of legal work she had performed in reaching its determination whether she qualified for bar admission on proof of practice elsewhere.

In response to Ms. Townsend's argument that her work for UMW constituted the active practice of law, the Board took the position that Ms. Townsend failed to establish that she had been "primarily engaged in the active practice of law in the courts," SCR 40.05(1)(b). In her reply to the Board's January, 1985 determination, Ms. Townsend had stated:

"My practice as an attorney for the UMW consisted principally of representing my client before federal agencies and in related matters before the federal courts. I practiced mainly before the National Labor Relations Board and to a lesser extent before the Equal Employ-

ment Opportunity Commission and the Federal Mine Safety and Health Administration."

Further, in her application for admission, Ms. Townsend presented no evidence concerning court cases in which she appeared during nearly four years of employment with the UMW nor any evidence from her employer that her work primarily involved court matters. Consequently, the Board argued, the record supported its conclusion that Ms. Townsend's legal service was that of corporate counsel, rather than that of an attorney "primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia."

In response to Ms. Townsend's argument that the plain meaning of "corporate counsel" in SCR 40.05(2) excludes counsel for an unincorporated association, the Board cited a dictionary definition of "corporate" as "of belonging, or pertaining, to a body politic, or to a body of persons united legally as for the transaction of business; . . . of or pertaining to a group of individuals collectively considered." The Board took the position that the terms "corporate counsel," "general counsel," "house counsel," and "staff attorney" are used interchangeably to denote attorneys in the employ of one client who do not regularly practice in the courts.

It is beyond dispute that the essential component in the determination of an applicant's qualifications for bar admission in Wisconsin on the basis of legal service performed in the private sector elsewhere is the nature of that legal service, not the identity of the applicant's employer. Thus, if Ms. Townsend's legal work was the kind of work generally engaged in by attorneys "primarily engaged in the active practice of law in the courts" of another jurisdiction, it will meet the requirement of SCR 40.05(1)(b). As the record does not present a sufficient basis on which to make a determination on this question,

we remand the matter to the Board for amplification of the record and further consideration.

IT IS ORDERED that the matter is remanded to the Board of Attorneys Professional Competence for further consideration consistent with this opinion.

LOUIS J. CECI and WILLIAM A. BABLITCH, JJ., dissent; they agree with the Board of Attorneys Professional Competence's construction of SCR 40.05(1)(b) to require the active practice of law to have been conducted in a jurisdiction where the applicant was admitted to practice, and they agree with the Board of Attorneys Professional Competence's determination that Ms. Townsend's legal service was that of corporate counsel, thereby rendering her ineligible for bar admission in Wisconsin under SCR 40.05.

They interpret the majority opinion to require that if a formally or informally titled corporate counsel not admitted to practice in the state where he or she is employed relies upon SCR 40.05(1)(b) as the basis for admission, that person's work must be "the active practice of law *in the courts* . . . ." (Emphasis supplied.) To interpret the majority's holding any other way would be to render SCR 40.05(2) a nullity in most instances.