# IN the MATTER OF BAR ADMISSION OF Raymond W. CROWE.

Supreme Court

*No. 87–0161–BA. Submitted on briefs September 9, 1987.—
Decided October 22, 1987.*

(Also reported in 414 N.W.2d 41.)

For the petitioner, there were briefs by *Raymond William Crowe,* Brookfield.

For the Board of Attorneys Professional Competence there was a brief by *Daniel D. Stier,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

PER CURIAM. *Review of Board of Attorneys Professional Competence decision; decision affirmed.*

This is a review, pursuant to the court's original jurisdiction in bar admission matters, of the decision of the Board of Attorneys Professional Competence (Board) not to recommend the admission of Raymond W. Crowe to the practice of law in Wisconsin on proof of practice elsewhere for the reason that he failed to meet the requirements of the court's bar admission rules, SCR chapter 40. The Board concluded that Mr. Crowe failed to establish that he had been primarily engaged in the active practice of law for three years during the five years preceding his application for admission, as required by SCR 40.05(1).[1] The Board

---

[1]SCR 40.05 provides in its entirety:

**SCR 40.05 Requirements as to legal competence: Proof of practice elsewhere.** (1)  An applicant shall satisfy the requirements as to legal competence by presenting to the clerk:

(a)  proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia;

(b)  proof that he or she has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission.

(2)  Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b).

(3)  The following activities, whether or not conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purpose of sub. (1)(b):

(a)  service as a judge of a court of record of the United States, any state or territory or the District of Columbia;

(b)  legal service with any local or state government or with the federal government;

(c)  legal service in the armed forces of the United States;

(d)  teaching in any law school approved by the American bar association.

also concluded that Mr. Crowe failed to establish that his work as corporate counsel might be deemed the practice of law for purposes of bar admission under SCR 40.05(2) because he was not authorized to practice law in the jurisdictions in which nearly all of that work took place.

We determine that the findings of fact the Board made in this matter were not clearly erroneous and that its conclusions based on those facts were proper. Accordingly, we affirm the Board's decision not to recommend that Mr. Crowe be admitted to the practice of law on the basis of proof of practice elsewhere.

During the 5-year period relevant to his application, Mr. Crowe engaged in the private practice of law for 10 months in Tennessee, the only jurisdiction in which he has been admitted to the bar. Then he worked for three years and one month as an attorney and later vice-president and assistant general counsel for Associates Commercial Corporation in Chicago, Illinois. Thereafter, he served as corporate counsel for a financial company in Wisconsin. There is no question that his private practice of law in Tennessee constituted the active practice of law under SCR 40.05(1)(b); it is his employment with Associates Commercial in Illinois, a jurisdiction in which he was not admitted to practice, that is at issue.

In support of his application, Mr. Crowe submitted to the Board his own statements with respect to his employment with Associates Commercial and affidavits of the assistant general counsel and the

---

(4)   An applicant who has failed the Wisconsin bar examination shall not be eligible for admission on proof of practice elsewhere for a period of 2 years from the date of notification by the board of the failure.

general counsel of that company, including a list of 32 court proceedings in which Mr. Crowe took part. He also submitted letters from 5 attorneys with whom he had associated in the representation of Associates Commercial in bankruptcy and related matters in Georgia, Utah, Louisiana, Minnesota and North Carolina. Each of those 5 attorneys stated that Mr. Crowe had personally participated in court proceedings and had been permitted to do so by the presiding judges or by local court rule.

When notified that the Board had found his legal work insufficient for foreign license admission, Mr. Crowe requested a hearing before the Board. At that hearing Mr. Crowe stated that his primary function at Associates Commercial was as a trial lawyer: during the first 8 or 9 months, more than half of his time was directly involved with litigation; during the remainder of his employment, after being promoted to vice-president and assistant general counsel, all of his time was devoted to litigation and he served as director of the corporation's litigation. Mr. Crow also stated that his legal work occurred in the federal courts, 90 percent of it in bankruptcy matters. According to Mr. Crowe, he rarely appeared as counsel of record in those proceedings, having retained local counsel to represent the corporation, but in those proceedings in which he elected to argue personally, he always obtained court permission by way of oral motion. In cases in which he did not personally argue, he said he participated in the drafting of pleadings and assisted in the taking of depositions.

Several Board members questioned Mr. Crowe concerning the fact that he had not appeared as counsel of record in the proceedings in which he was alleged to have actively participated. Mr. Crowe

responded that it was his practice not to appear as counsel of record, leaving that to retained local counsel. However, he stated that when he was in private practice and handled bankruptcy matters outside the state of his licensure, he always appeared on the pleadings as counsel. He described the work he did for Associates Commercial as the same kind of work he had done in bankruptcy cases while in private practice.

On the basis of his application, the materials submitted in support of it and his testimony at the hearing, the Board found that Mr. Crowe failed to establish that he had appeared as counsel of record in state or federal courts to any significant degree during the 5-year period in question or that he had been authorized to practice law in any jurisdiction other than Tennessee. From this the Board concluded that Mr. Crowe failed to meet his burden of proof[2] to establish his qualifications for admission on proof of practice elsewhere, that is, that he was primarily engaged in the active practice of law for the requisite period.

In this proceeding Mr. Crowe argued that the Board erred in concluding that his legal work for Associates Commercial could not be deemed the

---

[2]SCR 40.07 places on the applicant the burden of proof to establish compliance with the bar admission requirements:

SCR 40.07 **Proof of qualifications.** The burden of proof shall be on the applicant to establish his or her fitness and qualification. Refusal of an applicant to furnish information available to him or her or to answer questions relating to his or her fitness and qualifications, without good cause, shall be deemed a sufficient basis for denial of the application or of the certificate for admission.

234

practice of law under SCR 40.05(1)(b). Unquestionably, Mr. Crowe had not been "primarily engaged in the active practice of law," as that term is used in SCR 40.05(1)(b), while employed by Associates Commercial. In order for his legal service with that corporation to be deemed the practice of law for the purposes of that rule, it must have been conducted in a jurisdiction in which Mr. Crowe was admitted to practice law, SCR 40.05(2), or, as we have recently held, it must have been "the kind of work generally engaged in by attorneys 'primarily engaged in the active practice of law in the courts' of another jurisdiction." *Application of Townsend,* 126 Wis. 2d 128, 134, 375 N.W.2d 656 (1985). Because Mr. Crowe's legal work for Associates Commercial occurred in jurisdictions in which he was not admitted to the practice of law, that work must have been the kind generally engaged in by attorneys in the private practice of law in order to meet the practice requirement of SCR 40.05(1)(b).

In *Townsend* we held that it is the nature of the legal work, not the identity of the employer, which determines whether an applicant has met the "active practice" requirement for admission on the basis of practice in other jurisdictions. Moreover, if the applicant had not been admitted to the practice of law in the jurisdiction where the legal work was performed, that legal work had to have been authorized by those regulating the practice of law in the jurisdiction where the work occurred. *Townsend, supra; Application of Blue Dog,* 126 Wis. 2d 136, 375 N.W.2d 660 (1985). Mr. Crowe established that his court appearances on behalf of Associates Commercial had been authorized either by local court rule or on a case-by-case basis by the presiding judge, but the Board concluded that he failed to establish that his legal

work for the corporation was that of a person primarily engaged in the active practice of law.

That conclusion is supported by the evidence in the record. According to the affidavits Mr. Crowe submitted, he served as director of Associate Commercial's litigation; he stated that he routinely retained local counsel to represent the corporation in legal proceedings, himself only rarely appearing as counsel of record. From the transcript of the hearing it appears that the Board considered Mr. Crowe to have acted as the corporation's agent in legal proceedings and to have participated in those proceedings as a party, not as counsel.

In its brief on review, the Board emphasized that, unlike Mr. Crowe, the bar admission applicants in *Townsend, supra,* and *Blue Dog, supra,* had appeared regularly as counsel of record before federal courts and agencies and that they were authorized by federal statute and local rule or by special permission from the highest state court to practice before federal courts and agencies in the state. Mr. Crowe, however, neither had obtained special permission of the kind granted to Mr. Blue Dog nor could rely on local rules of the kind applicable to Ms. Townsend. Thus, Mr. Crowe had to rely solely on his separately authorized appearances in proceedings in several jurisdictions. Any legal work he performed *other* than in those proceedings would not have been authorized in the jurisdictions where performed.

The Board considered Mr. Crowe's participation in bankruptcy and related proceedings insufficient to constitute work of the kind generally performed by persons primarily engaged in the active practice of law. It found particularly significant that Mr. Crowe did not appear as counsel of record in nearly all of the

cases in which he participated and never handled a case entirely on his own but always participated with local counsel of record representing the corporation. This, in the Board's view, demonstrated a lesser degree of responsibility for a client's legal matter than that assumed by a lawyer in active practice. The Board considered Mr. Crowe's work to have been that of corporate counsel working from corporate headquarters and generally supervising corporate litigation. In all, the Board concluded that Mr. Crowe failed to establish the quantum of active practice in the courts to meet the bar admission requirement.

Mr. Crowe next contended that the bar admission rule, SCR 40.05, unconstitutionally discriminates against non-residents of Wisconsin. He argued that if the work he did for Associates Commercial had been performed in Tennessee, where he had been admitted to the practice of law, he would have fulfilled the practice requirement of that rule. It is his contention, then, that his place of residence was the determining factor in the Board's refusal to recommend his bar admission.

By raising this residence issue, it appears Mr. Crowe attempted to come under the holding of *Supreme Court of New Hampshire v. Piper,* 470 U.S. 274 (1985), in which the U.S. Supreme Court struck down a requirement that a person seeking bar admission be a resident of the state. However, SCR 40.05 provides identical treatment to resident and non-resident bar admission applicants. The rule distinguishes between bar applicants licensed in the jurisdiction in which they perform legal work and those not so licensed, but that distinction is based on the fact of licensure, not on residence. Indeed, the legal work of a person employed as corporate counsel may qualify as active practice for

admission purposes, provided it was conducted in a jurisdiction where the applicant was admitted to the practice of law, whether or not the work was done in the state where the applicant resided. Furthermore, the applicant need not have been admitted to the bar in the state of residence if the legal work was performed elsewhere.

Mr. Crowe also argued that the Board was unable to properly evaluate the evidence he submitted for the reason that it has petitioned this court for the amendment of the bar admission rules, having found the present foreign license bar admission rule "administratively unworkable ... because it inadequately defines who may be admitted and who may not be admitted without examination." We find this argument without merit.

We do not address the due process and equal protection arguments set out in Mr. Crowe's request for review, as he did not argue them in his brief and, aside from the bare allegations of unconstitutionality in his petition, they are not supported by facts of record.

Having determined that the Board properly concluded that Mr. Crowe failed to establish his qualifications for admission to practice law in Wisconsin on proof of practice elsewhere, we affirm the Board's decision to decline to recommend the admission of Mr. Crowe to the practice of law in Wisconsin.