IN the MATTER OF the BAR ADMISSION OF
David B. WESCOE.

Supreme Court

*No. 91–1689–BA. Filed January 23, 1992.*

(Also reported in 478 N.W.2d 841.)

PER CURIAM. *Review of Board of Bar Examiners
decision; decision reversed and remanded.*

This is a review, pursuant to SCR 40.08(5), of the
decision of the Board of Bar Examiners (Board) declin-
ing to certify the eligibility of David B. Wescoe for
admission to the practice of law in Wisconsin based on
his prior practice in other jurisdictions. Applying the
durational practice bar admission rule of Minnesota,

where Mr. Wescoe had practiced from June, 1985 to January, 1989, the Board determined that Mr. Wescoe's prior practice in that jurisdiction and in the District of Columbia was four months less than the required five years during the seven years preceding the date of his bar admission application in Wisconsin.

Although the Board correctly applied the relevant bar admission rules in reaching that determination, we conclude that the circumstances surrounding Mr. Wescoe's application for admission warrant waiver of the durational practice requirement in this case. Mr. Wescoe had asked the Board to waive the rule in his response to its initial adverse determination, but the Board's final determination did not address the issue of waiver. Rather than remand the matter to the Board for consideration of the waiver request, we determine that a waiver of the durational practice rule is proper insofar as necessary to permit Mr. Wescoe to satisfy the legal competence requirement under SCR 40.05(1)(c).[1]

In this review, Mr. Wescoe first argued that the Board erred in declining to credit him with six months' private practice as an associate of a law firm in Minnesota prior to his admission to the Minnesota bar. He

---

[1]SCR 40.05 provides:

**Legal competence requirement: Proof of practice elsewhere.**

(1)   An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

. . .

(c)   If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory of the District of Columbia.

contended that, under the applicable Minnesota rule, he was practicing during that period pursuant to his license to practice in the District of Columbia.

Relying on a letter from the Minnesota Board of Law Examiners, the Board concluded that Mr. Wescoe's pre-admission practice in Minnesota did not qualify toward satisfaction of the Minnesota durational practice requirement the Board was applying pursuant to SCR 40.05(1)(c). In that letter, the Minnesota board stated that it did not recognize pre-admission practice in Minnesota in computing the durational practice requirement, with stated exceptions not applicable to Mr. Wescoe. Based on that statement by the Minnesota authorities, the Board's conclusion was correct.

Mr. Wescoe's second argument was that the Board incorrectly refused to credit him with a portion of his work as general counsel for a Wisconsin corporation after leaving private practice in Minnesota. He specifically contended that the four months he remained a Minnesota resident while working for the Wisconsin corporation constituted the practice of law pursuant to his Minnesota license. However, while asserting that he did not change his legal residence from Minnesota to Wisconsin until four months after he left private practice, Mr. Wescoe did not provide the Board with sufficient information to support his assertion that the first four months of his corporate employment actually occurred in Minnesota.

Mr. Wescoe also contended that, in determining whether legal work as corporate counsel qualifies toward satisfaction of the durational practice requirement for bar admission, the Minnesota rule, not the Wisconsin rule, should be applied. The Board properly rejected that contention on the basis of the clear language of the Wis-

consin rule, SCR 40.05(2),[2] which permits legal service as corporate counsel to be deemed the practice of law for purpose of satisfying the durational requirement, whether Wisconsin's or that of another jurisdiction, only if that legal service was conducted in a state where the applicant was admitted to the practice of law. The Board was also correct in its determination that, on the basis of the information he provided, Mr. Wescoe's work as corporate counsel occurred in Wisconsin, even though he retained Minnesota residency.

Mr. Wescoe's third argument in this review is an equitable one. Mr. Wescoe asserted that when he first contacted the Board in February, 1989, the Board's executive director told him that his preceding five years of practice were sufficient for admission in Wisconsin and added that he had two years in which to apply for admission and still satisfy the durational practice requirement. He correctly stated that, had he made application for admission soon after receiving that information, he would have satisfied the durational practice requirement. Mr. Wescoe's assertion that he had been told he had a two-year "grace period" to make application was not controverted, either in the proceedings before the Board or in this review.

Because of his reliance on the information he received from the Board, Mr. Wescoe argued that he was entitled to a waiver of the durational practice requirement, asserting that he had made a good faith attempt to

[2]SCR 40.05 provides:

**Legal competence requirement: Proof of practice elsewhere.**

. . .

(2) Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b) and (c).

comply with the Wisconsin rules as they had been explained to him. The Board, however, took the position that this is not a case warranting waiver under SCR 40.10.[3]

We disagree. When Mr. Wescoe first made inquiry of the bar admission requirements in Wisconsin, he would have satisfied the durational practice requirement. Indeed, it appears from the Board's computation that he would have satisfied that requirement for at least two months following his initial inquiry to the Board. We determine that, under the facts and circumstances present in this case, waiver of the durational practice requirement of SCR 40.05(1)(c) is warranted to the extent necessary for Mr. Wescoe to satisfy the legal competence requirement for bar admission.

IT IS ORDERED that this matter is reversed and remanded to the Board of Bar Examiners for further proceedings consistent with this opinion.

---

[3]SCR 40.10 provides:

**Waiver of requirements.** Except for the requirements of SCR 40.03 and 40.06(2), the board may waive any of the requirements of this chapter in exceptional cases and for good cause where to do otherwise would be unjust.