IN the MATTER OF the BAR ADMISSION OF Wesley Allen RUSCH.

Supreme Court

*No. 91-2814-BA. Submitted on briefs November 4, 1992.—Decided December 1, 1992.*

(Also reported in 492 N.W.2d 153.)

For the petitioner, Wesley Rusch, there was a brief by *Wesley Rusch,* Los Angeles, California.

For the Wisconsin Board of Bar Examiners there was a brief by *Burneatta L. Bridge,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

PER CURIAM.   *Review of Board of Bar Examiners decision; decision reversed, matter remanded.*

This is a review, pursuant to SCR 40.08(5),[1] of the decision of the Board of Bar Examiners (Board) declining to certify that Wesley A. Rusch satisfied the charac-

---

[1]SCR 40.08 provides:

**Adverse determination.**

. . .

(5)  A petition to the supreme court for review of an adverse determination of the board under this rule shall be filed with the clerk within 30 days of the date on which written notice thereof was mailed to the applicant.

ter and fitness requirement[2] for admission to the Wisconsin bar. That decision was based on the Board's conclusion that Mr. Rusch did not respond truthfully and knowingly made materially false statements of fact in his response to questions on the bar admission application asking if he had ever been charged with or convicted of a civil law violation, local ordinance or criminal charge or was subject to any such pending charges and its conclusion that he refused to furnish the results of a drug and alcohol assessment required by the Board as part of its determination of his character and fitness.[3]

We determine that the Board improperly concluded that Mr. Rusch failed to establish his character and fitness because of incorrect answers in his original application and his failure to complete the drug and alcohol assessment required by the Board within the time it had specified. Accordingly, we reverse the Board's decision declining to certify Mr. Rusch's character and fitness for bar admission and remand the matter to the Board for further proceedings.

---

[2]That requirement is set forth in SCR 40.06(1):

**Requirement as to character and fitness to practice law.** (1) An applicant for bar admission shall establish good moral character and fitness to practice law. The purpose of this requirement is to limit admission to those applicants found to have the qualities of character and fitness needed to assure to a reasonable degree of certainty the integrity and the competence of services performed for clients and the maintenance of high standards in the administration of justice.

[3]An applicant for bar admission on examination is required to establish to the satisfaction of the Board of Bar Examiners that the applicant satisfies the character and fitness requirement. Pursuant to that rule, SCR 40.06(3), the Board is to certify to the court the character and fitness of qualifying bar examination admission applicants.

The relevant facts are not disputed. On December 19, 1990, Mr. Rusch filed his application to write the Wisconsin bar examination. In that application, he answered "no" to the following questions:

   (a)   Have you ever been charged with, convicted of, or entered a plea of guilty or no contest to a civil law violation, local ordinance violation, or a criminal charge? (Omit parking tickets.)
   (b)   Are you presently subject to any such pending charges?

On February 11, 1991, Mr. Rusch filed an amendment to the application correcting, among other items, his answers to the above questions, changing the answers in (a) from "no" to "yes" and in (b) from "yes" to "no." His amendment explained that in California he pleaded no contest, on January 7, 1991, to driving under the influence of alcohol and, on January 18, 1991, to reckless driving and resisting arrest.

Mr. Rusch wrote the bar exam on February 25, 1991 and was informed by the Board by letter of March 28, 1991 that he was successful. Thereafter, on April 24, 1991, the Board notified Mr. Rusch that, at its request, it had received his California driving record and stated that the record disclosed two violations he had not set forth on his original application.

That Board letter said, in part, "On February 25, 1991, you executed an amendment to your application in which you disclosed these matters following notification from this agency dated February 15, 1991, that it would be necessary for you to submit your driving record." In fact, Mr. Rusch's amendment to his application was received by the Board on February 11, 1991, four days before the Board wrote to him asking for a copy of his

California driving record. The Board's letter perhaps referred to the fact that the amendment Mr. Rusch originally filed had not been notarized and that he submitted a notarized copy of the amendment to the Board on the date he wrote the bar examination.

The Board then wrote to Mr. Rusch on May 21, 1991 that, as to his satisfaction of the character and fitness requirement, he would need to have an alcohol and drug assessment "carried out by a professional qualified to administer such an assessment," with the results to be furnished directly by the professional to the Board. Responding to that letter, Mr. Rusch informed the Board that, pursuant to the disposition of the traffic cases in California, he was required to and did attend and graduate from a "statutory alcohol treatment program" but could not locate a copy of the certificate from the program. Because of his financial situation, Mr. Rusch asked the Board to specify what an alcohol and drug assessment was and the persons qualified to conduct one. Answering his letter, the Board told him the state of Wisconsin certifies persons qualified to conduct alcohol and drug assessments and recommended that he contact his local human services department or personal physician for a referral.

Mr. Rusch then telephoned the Board staff and stated that he was outside the state of Wisconsin and unable to contact a county human services department or physician to have the assessment done in Wisconsin. He also said that he had contacted the council on alcoholism on Cape Cod, where he was then located, inquiring about a drug and alcohol assessment and was advised that they do assessments only for individuals enrolled in their program. Mr. Rusch reiterated to Board staff that he believed he already had completed an alcohol and drug assessment by virtue of having graduated from the

alcohol treatment program in California and asked the Board to inform him whether that was sufficient.

The next information Mr. Rusch received from the Board was its letter of July 26, 1991 informing him that the Board intended to decline to certify his eligibility for bar admission on character and fitness grounds because he failed to furnish a current drug and alcohol assessment "carried out by a professional qualified to carry out such an assessment as instructed by the Board" and because he failed to disclose in his original application that he was the subject of pending traffic charges in California and failed to provide the Board a satisfactory explanation of his original incorrect responses to the pertinent questions.

On October 29, 1991 the Board issued its findings of fact, conclusions of law and decision declining to certify Mr. Rusch for bar admission. The Board concluded, among other things, that Mr. Rusch knowingly made materially false statements of fact on his original application when he answered questions concerning pending criminal charges in the negative, that the completion certificate he furnished of the Long Beach Alcohol Treatment Program did not constitute an individualized drug and alcohol assessment "specified" by the Board and that his "refusal" to furnish a drug and alcohol assessment specified by the Board rendered him ineligible for bar admission pursuant to the court's rule, SCR 40.07, that provides, in part, "*Refusal* of an applicant to furnish available information or to answer questions relating to the applicant's qualifications shall be deemed a sufficient basis for denial of the certification for admission." (Emphasis supplied.)

In a review pursuant to SCR 40.08(5) of an adverse determination of the Board of Bar Examiners, the court

adopts findings of fact made by the Board if they are not clearly erroneous. *Matter of Bar Admission of Crowe,* 141 Wis. 2d 230, 232, 414 N.W.2d 41 (1987). The court then determines whether the Board's conclusions of law based on those facts are proper. In making that determination, the court does not defer to the Board in any respect, although it reviews the conclusions mindful of the Board's experience in administering the court's bar admission rules.

In his brief in this review, Mr. Rusch argued that the facts do not support the Board's conclusion that he "knowingly" made "materially" false statements of fact when he responded in the negative to the questions in the original application he filed concerning pending traffic violations. Moreover, he contended, his incorrect answers to those questions were not an attempt to conceal facts from the Board and, as they were not knowingly made and did not concern material facts, they were not sufficient to support the Board's decision to decline certification of his character and fitness to practice for the purpose of bar admission. In addition, Mr. Rusch asserted that he did not refuse to comply with the Board's requirement that he complete an alcohol and drug assessment; rather, while he was attempting to determine with specificity what that requirement entailed, the Board issued its decision declining to certify him for bar admission.

Mr. Rusch's arguments are persuasive. The record establishes that Mr. Rusch amended his application, although not in notarized form, several days prior to the Board's request that he furnish a copy of his California driving record. That amendment, submitted without prompting by the Board, supports Mr. Rusch's explanation that his initial incorrect responses to the questions regarding pending traffic charges were the result of his

haste in preparing the application on the eve of the deadline for submission of an application to write the bar examination. The record does not support the Board's conclusion that Mr. Rusch made those incorrect responses knowingly. Moreover, those incorrect responses were not of sufficient gravity to warrant a conclusion that Mr. Rusch thereby failed to meet his burden to establish character and fitness to practice law.

Mr. Rusch correctly asserted that he did not refuse to undergo a drug and alcohol assessment and have the results furnished to the Board. The facts support his contention that he repeatedly sought clarification of the requirement from the Board and attempted to satisfy the requirement by submission of evidence of his completion of a drug and alcohol program in California. While his efforts to obtain clarification or approval of his proffered alternative were continuing, the Board issued its adverse decision in respect to certification of his character and fitness to practice law.

Because we reverse the decision of the Board declining to certify Mr. Rusch's character and fitness for bar admission for the reasons stated, it is unnecessary to address the numerous constitutional arguments set out in his brief. Furthermore, in the course of this proceeding Mr. Rusch filed a number of motions and a notice regarding motion, including a motion objecting to the record filed by the Board on the grounds that it was not authenticated, not certified, not signed under seal and that the Board did not serve a copy of it on him, a motion requesting that the clerk of this court retain the original of his proposed reply brief, which was rejected as exceeding the page limitation, and a "notice" that matters set forth in requests for admissions he had served on the Board, purportedly to authenticate exhibits and resolve factual disputes, were "conclusively established."

We deny those motions *ex parte,* as none of them has merit.

■ We conclude that Mr. Rusch's incorrect answers on his original bar admission application, which he subsequently corrected, are not sufficient to warrant a conclusion that he has failed to establish the requisite character and fitness to be admitted to the practice of law in Wisconsin. We also conclude that Mr. Rusch did not refuse to provide documents requested by the Board. In light of his assertion that he will meet the drug and alcohol assessment requirement if successful in this review, we determine that Mr. Rusch should be given an opportunity to obtain that assessment, in Wisconsin or elsewhere, within a reasonable time after the Board provides him sufficient information to enable him to do so and have the results sent to the Board.

IT IS ORDERED that the decision of the Board of Bar Examiners declining to certify that Wesley A. Rusch has satisfied the requirements for admission to the practice of law in Wisconsin is reversed and the matter is remanded to the Board for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Board of Bar Examiners shall provide Mr. Rusch specific information concerning the drug and alcohol assessment requirement it has established and that, within 60 days of his receipt of that information, Mr. Rusch shall obtain the assessment and have its results furnished to the Board.