IN the MATTER OF the BAR ADMISSION OF:

Bruce Joseph CROUSHORE and Axley Brynelson, LLP,
Petitioners,

v.

BOARD OF BAR EXAMINERS, Respondent.

Supreme Court

*No. 98–0437–BA. Filed May 14, 1999.*

(Also reported in 592 N.W.2d 236.)

¶ 1. PER CURIAM. This is a continuation of the review pursuant to SCR 40.08(5)[1] of the decision of the Board of Bar Examiners (Board) declining to certify Bruce Joseph Croushore's satisfaction of the legal competence requirement for bar admission on the basis of practice elsewhere. We earlier determined that the Board did not erroneously exercise its discretion by not addressing in its findings, conclusions, and ultimate determination Mr. Croushore's request for a waiver of the bar admission rule, SCR 40.05(2),[2] that permits legal service as corporate counsel in another jurisdic-

---

[1] SCR 40.08 provides, in pertinent part:

**Adverse determination.**

. . .

(5) A petition to the supreme court for review of an adverse determination of the board under this rule shall be filed with the clerk within 30 days of the date on which written notice thereof was mailed to the applicant.

[2] SCR 40.05 provides, in pertinent part:

**Legal competence requirement: Proof of practice elsewhere.**

. . .

(2) Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1) (b) and (c).

477

tion to be deemed the practice of law in satisfaction of the legal competence requirement only if that work occurred in a jurisdiction where the applicant was admitted to the bar. *Croushore v. Board of Bar Examiners*, 221 Wis. 2d 245, 584 N.W.2d 542 (1998). The Board had stated in an earlier letter notifying Mr. Croushore of its intent to decline to certify his eligibility for bar admission that it had determined that he did not present an exceptional case or good cause for waiver, but because that determination was set forth in the conclusory language of the bar admission waiver rule, SCR 40.10,[3] we remanded the matter to the Board with directions to address more fully the issue of waiver, setting forth the reasons underlying its determination that the nature of Mr. Croushore's corporate practice did not constitute "an exceptional case [or] good cause" for a waiver. The facts underlying this review are set forth in our earlier opinion.

¶ 2. In its response to the court's remand, the Board determined that Mr. Croushore met none of the three conditions for a waiver under SCR 40.10. First, he did not establish "an exceptional case," as he is in the same position as many other corporate lawyers who are not admitted to the practice of law in the jurisdiction where they are employed and physically located. The Board described those persons, who customarily do not seek bar admission in the state where they are located, as ". . .practic[ing] entirely within a corporate setting, reporting to and advising officers and staff of

---

[3] SCR 40.10 provides:

**Waiver of requirements.**

Except for the requirements under SCR 40.03, the board may waive any of the requirements of this chapter in exceptional cases and for good cause if failure to waive the requirement would be unjust.

the corporation which employs them. They do not appear in the courts of the state in which they are located and employed, do not sign pleadings, and do not consult with or advise clients in the ordinary meaning of the word." The Board noted that Attorney Croushore admitted he did not seek bar admission where he was employed by a corporation for 14 years merely because that state did not require corporate counsel to be admitted to its bar. The Board asserted that seven of the 55 jurisdictions in the American legal system have separate registration procedures for counsel not admitted in the jurisdiction, recognizing thereby that many corporate lawyers do not seek admission in states where they are employed.

¶ 3. Second, the Board determined that Mr. Croushore did not establish "good cause" for waiver of the rule but merely asserted an argument of convenience: that he preferred not to take time out of his work schedule with a law firm, including considerable travel on behalf of the firm's clients, in order to prepare for and take the bar examination. The Board pointed out that other lawyers who formerly worked as corporate counsel and are now admitted to the bar in Wisconsin were admitted here either on the basis of their work in another jurisdiction where they were admitted to the bar or by taking the Wisconsin bar examination.

¶ 4. Third, the Board determined that Mr. Croushore did not establish that failure to grant him a waiver of the bar admission rule "would be unjust." The Board viewed Mr. Croushore's contention in this respect in light of his law firm employer's assertions that it would not be in the interests of justice for him to be "diverted from his significant responsibilities to become conversant [with Wisconsin law]" and that his

financial relationship with his clients and the law firm "would be seriously impaired" if he were required to prepare for the bar examination.

¶ 5.  In his response to the Board's decision on remand, Mr. Croushore contended that he did establish "exceptional circumstances" and "good cause" for waiver on the basis of what he terms his "unique qualifications" by virtue of his "substantial legal experience" and the "complex transactional work" he performed as corporate counsel. Notwithstanding the nature and extent of the corporate practice he engaged in, Mr. Croushore has not distinguished his experience from that of other corporate counsel so as to present "exceptional circumstances" for consideration in his bar admission application.

¶ 6.  Mr. Croushore next contended that the court should amend the corporate practice bar admission rule to avoid what he considers arbitrary distinctions between corporate legal practice conducted in a jurisdiction where the person is admitted to the bar and the same practice where the person is not admitted. He asserted that while engaged in corporate legal practice in Alabama for the 14 years preceding his bar admission application he continued to be a member in good standing of the New York bar and remained under the power and regulation of that bar while performing corporate work in Alabama. It does not appear, however, nor did Mr. Croushore suggest, that New York would have had disciplinary jurisdiction over his performance of corporate work in Alabama. His assertion that the attorney references he provided in his application were sufficient to satisfy the Board that he had been subjected to "ongoing peer review and professional scrutiny" is unpersuasive.

480

¶ 7.   Mr. Croushore also urged the court to amend the admission rule to include legal service as corporate counsel with those activities that may be deemed to constitute the practice of law for the purpose of bar admission whether or not conducted in a jurisdiction where the applicant is admitted to the bar, such as service as a judge of a court of record, legal service with local, state, or federal government, and teaching in a law school approved by the American Bar Association. As an alternative, he suggested that the rule be amended to permit corporate legal practice to constitute the practice of law for purposes of bar admission if the applicant had been a member of any state bar, even if not the bar of the jurisdiction in which the work was performed.

¶ 8.   In its decision, the Board stated that it does not oppose an amendment of the corporate practice bar admission rule by recourse to the court's rule making procedure. However, the Board did not indicate any precise amendment it would favor. Accordingly, we direct the Board to consider and propose for adoption an amendment of the corporate practice bar admission rule that it deems sufficient to satisfy the interest of the court in ensuring the competent practice of those it admits to the practice of law in Wisconsin.

¶ 9.   We determine that the Board properly decided the issue of waiver in respect to Mr. Croushore's bar admission application and adequately set forth the basis for its determination on the issues relevant to waiver.

¶ 10.   IT IS ORDERED that the decision of the Board of Bar Examiners declining to certify Bruce Joseph Croushore's satisfaction of the legal competence

requirement for bar admission on the basis of practice elsewhere is affirmed.