IN the MATTER OF the BAR ADMISSION OF Samuel
MOSTKOFF:

Samuel MOSTKOFF, Petitioner,

v.

BOARD OF BAR EXAMINERS, Respondent.

Supreme Court

*No. 03–2640–BA. Submitted on briefs September 22, 2004.—
Decided March 24, 2005.*

2005 WI 33

(Also reported in 693 N.W.2d 748.)

For the petitioner there were briefs by *Samuel Mostkoff,* Sun Prairie.

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. PER CURIAM. We review, pursuant to SCR 40.08(5) (2002),[1] the Board of Bar Examiners' (Board)

---

[1] SCR 40.08(5) provides that "[a] petition to the supreme court for review of an adverse determination of the board under

September 8, 2003 decision concluding that the petitioner, Samuel Mostkoff, has failed to satisfy the requirements for admission to the practice of law in Wisconsin based on "proof of practice elsewhere." SCR 40.05. We determine that the findings of fact the Board made in this matter were not clearly erroneous and that its conclusions based on those facts were proper. Accordingly, we affirm the Board's decision not to recommend that Mr. Mostkoff be admitted to the practice of law on the basis of proof of practice elsewhere.

¶ 2. Mr. Mostkoff has been a practicing lawyer for some 29 years. It is undisputed that he is an experienced lawyer. He was admitted to practice in Michigan in 1973, and has been a corporate attorney for more than 18 years.

¶ 3. On April 1, 1997, Mr. Mostkoff's legal employment as corporate counsel in Michigan was terminated as a result of a corporate reorganization. Mr. Mostkoff was retained as a legal consultant for the company through December 1997.

¶ 4. On August 25, 1997, Mr. Mostkoff, who had moved to Ohio, became a legal consultant for Penda Corporation located in Wisconsin. For a time, he commuted to Penda Corporation from his Ohio residence. In January 1998, Mr. Mostkoff became in-house counsel for Penda Corporation. He continued to reside in Ohio.

¶ 5. Mr. Mostkoff became a Wisconsin resident in February 1999. In May 1999, he requested an application for admission to the Wisconsin State Bar, but he did not complete it. Indeed, more than four years

this rule shall be filed with the clerk within 30 days of the date on which written notice thereof was mailed to the applicant."

elapsed before Mr. Mostkoff actually filed an application for admission to the Wisconsin State Bar on February 10, 2003.

¶ 6. Mr. Mostkoff sought admission to the Wisconsin bar pursuant to SCR 40.05(1), entitled: "Legal competence requirement: Proof of practice elsewhere."[2]

---

[2] SCR 40.05 provides in relevant part: Legal competence requirement: Proof of practice elsewhere.

(1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

 (a) Proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia.

 (b) Proof that the applicant has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission.

 (c) If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

(1m) Eligibility for admission under this rule shall be limited as follows:

 (a) An applicant who proposes to satisfy sub. (1)(b) by practice in a jurisdiction that does not grant bar admission to attorneys licensed in Wisconsin on the basis of practice in Wisconsin shall not be eligible for admission on proof of practice elsewhere.

 (b) An applicant who proposes to satisfy sub. (1)(b) by practice in a jurisdiction that does not grant bar-

¶ 7. On June 20, 2003, the Board issued a preliminary decision denying Mr. Mostkoff's application for admission under SCR 40.05. That decision stated:

> . . . the Board [of Bar Examiners] has been unable to conclude you were engaged in the active practice of law . . . for at least three of the five years immediately preceding the date on which your Wisconsin application affidavit was filed . . . .

¶ 8. Mr. Mostkoff filed a supplement to his bar application, arguing that he had indeed been engaged in the active practice of law, and asking the Board to file a rules petition with the Wisconsin Supreme Court to change the eligibility requirements for admission under SCR 40.05.

---

admission on the basis of practice to attorneys licensed in Wisconsin under SCR 40.03 shall not be eligible for admission on proof of practice elsewhere.

(2) Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b) and (c).

(3) The following activities, whether or not conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b) and (c):

(a) Service as a judge of a court of record of the United States, any state or territory or the District of Columbia.

(b) Legal service with any local or state government or with the federal government.

(c) Legal service in the armed forces of the United States.

(d) Teaching in any law school approved by the American bar association.

254

¶ 9. On August 12, 2003, Mr. Mostkoff filed his own rules petition in this court, Rules Petition No. 03–07, asking the court to amend SCR 40.05 in a manner that would qualify him for admission under SCR 40.05. Mr. Mostkoff's petition was denied without a public hearing in October 2003, following an open administrative conference.

¶ 10. In the interim, on August 21, 2003, the Board formally denied Mr. Mostkoff's application for admission to the Wisconsin Bar. The Board's final decision stated:

> The applicant did not demonstrate that he was primarily engaged in the active practice of law in a jurisdiction where he was licensed for three of the five years immediately preceding February 10, 2003, the date he filed his Wisconsin application for admission, as is required by SCR 40.05(1)(b).

¶ 11. Mr. Mostkoff filed a timely appeal from the Board's decision, followed by two motions to compel the Board to produce various internal documents. Both motions were denied.

¶ 12. The standard of review for decisions of the Board is well settled. The court adopts the Board's findings of fact if they are not clearly erroneous. *In re Bar Admission of Crowe,* 141 Wis. 2d 230, 232, 414 N.W.2d 41 (1987). The court reviews legal determinations de novo. *In re Bar Admission of Rusch,* 171 Wis. 2d 523, 492 N.W.2d 153 (1992). The burden of proof to establish compliance with bar requirements rests with the applicant. SCR 40.07.[3]

---

[3] SCR 40.07 provides that "[t]he burden of proof shall be on the applicant to establish qualifications under SCR 40.02.

¶ 13. This is first and foremost a case in which an attorney sat upon his rights. It is undisputed that had Mr. Mostkoff applied for admission to the Wisconsin bar promptly upon relocating to Wisconsin in 1999, he would have been eligible for admission under SCR 40.05 based upon his corporate legal practice in Michigan, a state in which he is licensed to practice law. The question before the court is whether, nearly four years later, Mr. Mostkoff should still be entitled to admission under SCR 40.05.

¶ 14. Mr. Mostkoff raises numerous issues in support of his assertion that he should be admitted to the Wisconsin bar. First, however, we must address Mr. Mostkoff's claim that the court cannot decide this matter because it does not have a complete record before it. Mr. Mostkoff contends that the court should order the Board "to include all the evidence in the Board's possession in the Record on Appeal." Specifically, he refers to documents he sought in his unsuccessful motions to compel, including internal legal memoranda prepared by the Board to evaluate aspects of Mr. Mostkoff's bar application.

¶ 15. We conclude that the Board was well within its discretion to decline to produce the internal legal memoranda sought by Mr. Mostkoff. We conclude further that other information sought by Mr. Mostkoff was simply not relevant to the question whether Mr. Mostkoff met the requirements for reciprocity admission under existing supreme court rules. Therefore, we reject Mr. Mostkoff's assertion that the record before

Refusal of an applicant to furnish available information or to answer questions relating to the applicant's qualifications shall be deemed a sufficient basis for denial of the certification for admission."

256

the court is inadequate to permit us to decide whether Mr. Mostkoff is entitled to admission under SCR 40.05.

¶ 16. To qualify for admission to the Wisconsin bar under SCR 40.05, Mr. Mostkoff is required to demonstrate that, as of the date of his bar application, he had been "primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission." Thus, we consider Mr. Mostkoff's legal practice for the five years preceding the date of his bar application, February 10, 2003.

¶ 17. The record reflects that Mr. Mostkoff has worked as corporate counsel for Penda Corporation in Wisconsin, while residing in Ohio or Wisconsin, throughout the relevant period of time.

¶ 18. SCR 40.05(2) provides:

Legal service as corporate counsel or trust officer, *if conducted in a state where the applicant was admitted to practice law,* may be deemed to be the practice of law for the purposes of sub. (1)(b) and (c).

(Emphasis added.) The record is clear that between January 1998 and February 2003, Mr. Mostkoff's legal service as corporate counsel was conducted in Wisconsin, a jurisdiction where he was not admitted to practice law.

¶ 19. We recognize that Mr. Mostkoff was a busy corporate attorney during the relevant period of time. However, we must conclude that the plain language of SCR 40.05(2) precludes Mr. Mostkoff's legal service as corporate counsel from constituting the "practice of law" for purposes of admission to the Wisconsin bar under SCR 40.05. SCR 40.05(1)(b) and 40.05(2), read together, explicitly provide that for corporate counsel

experience to be deemed the "active practice of law" under SCR 40.05(1)(b), that work must have been *"conducted in a state where the applicant was admitted to practice law "* (emphasis added). Mr. Mostkoff's corporate counsel work was conducted in Wisconsin or Ohio; he is admitted to practice in neither state.

¶ 20. In 1987, this court clarified and reaffirmed its policy with respect to corporate counsel seeking admission to the bar pursuant to SCR 40.05. We held that legal service as corporate counsel does not qualify as the "active practice of law" unless it is conducted in a state where the applicant is admitted to practice law, or the legal work was "the kind of work generally engaged in by attorneys 'primarily engaged in the active practice of law in the courts' of another jurisdiction." *See Crowe,* 141 Wis. 2d at 235 *(quoting Application of Townsend,* 126 Wis. 2d 128, 134, 375 N.W.2d 656 (1985)).

¶ 21. The Board has previously explained how this requirement serves to protect the public. In order to assess an applicant's qualifications for admission to practice law in Wisconsin based on proof of practice elsewhere, the Board must be able to rely on the regulatory authorities of the other jurisdictions where the applicant has practiced to have monitored the applicant's compliance with continuing legal education requirements designed to ensure professional competence, and to have observed and, where appropriate, investigated and disciplined the professional conduct of the applicant. *See Crowe,* 41 Wis. 2d at 235.

¶ 22. However, an applicant who has practiced in a jurisdiction without being admitted to practice is not subject to that jurisdiction's regulation of the professional competence and conduct of attorneys. Consequently, that information is not available to the Board

for its assessment of the applicant's qualifications and fitness to practice law in Wisconsin.

¶ 23. Mr. Mostkoff's work as corporate counsel between 1998 and 2003 was not conducted in a state in which he was admitted to practice. However, Mr. Mostkoff nonetheless urges us to recognize his legal work as the active practice of law. He cites case law, including *Admission of Blue Dog,* 126 Wis. 2d 136, 375 N.W.2d 660 (1985), for the proposition that his legal practice for Penda Corporation should nonetheless be considered the "active practice of law" for purposes of SCR 40.05. He provides several examples of lawsuits from around the country in which he was involved as counsel of record for Penda Corporation.

¶ 24. However, we must conclude that Mr. Mostkoff has failed to demonstrate that this legal work was "the kind of work generally engaged in by attorneys 'primarily engaged in the active practice of law in the courts' of another jurisdiction." The record reflects that Penda Corporation was actually represented in these court proceedings by local counsel who were licensed to practice in the respective state in which the litigation occurred. This is not comparable to the situation in *Blue Dog,* 126 Wis. 2d 136. Attorney Blue Dog engaged in extensive advocacy litigation before federal and administrative courts and had obtained special permission from the courts to appear and practice before those federal courts and agencies.

¶ 25. We turn to Mr. Mostkoff's assertion that he is entitled to admission to the Wisconsin bar pursuant to SCR 40.05(1)(c). Supreme Court Rule 40.05(1)(c) provides that Mr. Mostkoff is subject to specific requirements of Michigan's reciprocity rule, Mich. R. 5(A)(6)(a).

¶ 26. The rationale for this provision has previously been articulated:

> The underlying rationale of the reciprocity rules is to treat out-of-state lawyers seeking admission to Wisconsin without bar examination in the same manner as their home jurisdictions treat Wisconsin lawyers seeking admission without examination. Such treatment is designed to stimulate lawyers in other jurisdictions to encourage their home states to admit Wisconsin lawyers without examination.

*In re Bar Admission of Wadsworth,* 190 Wis. 2d 576, 583, 527 N.W.2d 311 (1995) (Abrahamson, C.J., dissenting).

¶ 27. We have observed that "SCR 40.05 provides identical treatment to resident and non-resident bar admission applicants." *Crowe,* 141 Wis. 2d at 237. The applicable Michigan bar admission rule permits the five-year practice period to be increased for "good cause." Mr. Mostkoff maintains that the Board erred by failing to give him the benefit of this Michigan "good cause" provision. Mr. Mostkoff has not persuaded us that the Board applied this provision any differently than the Michigan courts would have applied it to a Wisconsin attorney seeking admission in that state.

¶ 28. Moreover, Wisconsin has an even broader exception, which permits this court to waive *any* requirement under SCR 40.10 upon a showing of good cause. SCR 40.10 provides that:

> Except for the requirements of SCR 40.03 [and 40.06],[4] the board may waive any of the requirements of this

---

[4] SCR 40.03 and 40.06 pertain to the diploma privilege and the character and fitness requirements, respectively.

chapter in exceptional cases and for good cause if failure to waive the requirement would be unjust.

¶ 29. The record reflects that the Board declined to recommend a waiver of the requirements of SCR 40.05 in this case. Mr. Mostkoff suggests this was error and requests this court exercise its discretion and waive the five-year practice requirement with respect to his application. He asserts that it is generally unfair to subject him to the requirements of SCR 40.05 in view of his extensive legal experience. He contends, further, that the Board wrongly issued its final decision while his supreme court rules petition was still pending. He also contends that a waiver is warranted on the grounds that the Board has failed to file a rules petition suggesting amendments to the reciprocity rule as directed by this court in *In re Bar Admission of Croushore*, 225 Wis. 2d 476, 481, 592 N.W.2d 236 (1999). And, he suggests that in addition to SCR 40.05's various alleged constitutional problems with the rule, the Board violated the open meeting law, Wis. Stat. § 19.81–19.98 (2003–04) by failing to give him notice of the closed session at which the Board considered and denied his bar application.[5]

¶ 30. We consider de novo whether Mr. Mostkoff has established that this is an exceptional case warrant-

[5] We note that obtaining redress for an alleged open meeting law violation requires the filing of a verified complaint with the District Attorney. *See* Wis. Stat. § 19.97(1) (2003–04). In any event, Mr. Mostkoff has not demonstrated how the Board's compliance with the open meeting law here would have changed the outcome of this matter. In the absence of some evidence that adherence to the requirements of the open meeting law would have altered the Board's final decision in this matter, we decline to explore Mr. Mostkoff's allegations with respect to the open meeting law.

ing waiver of the requirements of SCR 40.05. *See, e.g.,
In re Bar Admission of Wescoe,* 165 Wis. 2d 738, 478
N.W.2d 841 (1992). Ultimately, we are not persuaded
that this is the extraordinary situation warranting
waiver of the requirements set forth in SCR 40.05.

¶ 31. We acknowledge Mr. Mostkoff's effort to
seek admission to the bar pursuant to a rules petition
seeking to change SCR 40.05. The court did not, how-
ever, formally direct the Board to hold Mr. Mostkoff's
bar application in abeyance pending its consideration of
that petition. Therefore, the Board's decision, rendered
while the rules petition was pending, did not contra-
vene any order of this court.

¶ 32. As we noted at the onset, had Mr. Mostkoff
promptly petitioned for admission to the Wisconsin bar
upon relocating to Wisconsin, he would have been
eligible for admission under SCR 40.05 based on his
corporate practice in Michigan, a state in which he is
licensed to practice law. Mr. Mostkoff has provided no
compelling explanation for his delay, other than the
demands of his practice. We conclude that a decision to
waive the requirements of SCR 40.05 here would excuse
and endorse delay in seeking admission to the Wiscon-
sin bar. Such a result would not serve the public's
interest in ensuring that lawyers admitted to practice
in this state have established their professional compe-
tence and their compliance with continuing legal edu-
cation requirements.

¶ 33. Mr. Mostkoff has raised a litany of constitu-
tional challenges to SCR 40.05. We decline to address
these arguments as they are not supported by the facts
of record. Mr. Mostkoff is barred from admission to
practice law in Wisconsin under the terms of SCR 40.05
as a result of his own delay in failing to file a bar
application within a reasonable period of time. More-

over, Mr. Mostkoff is not precluded from continuing his corporate practice in Wisconsin. Indeed, he is not precluded from seeking admission to the Wisconsin bar; he retains the option of taking the Wisconsin bar exam at any time.

¶ 34. We make one final comment with respect to Mr. Mostkoff's claim that the Board has failed to comply with the court's directive that it revise SCR 40.05. The Board was indeed directed to "consider and propose for adoption an amendment of the corporate practice bar admission rule that it deems sufficient to satisfy the interest of the court in ensuring the competent practice of those it admits to the practice of law in Wisconsin." *Croushore,* 225 Wis. 2d at 481. The Board responds that it had considered the matter and determined that no change was necessary. We invite the Board to revisit this matter and to present the court with a petition recommending changes to SCR 40.05, if it sees fit.[6]

¶ 35. Having determined that the Board properly concluded that Mr. Mostkoff failed to establish his qualifications for admission to practice law in Wisconsin based on proof of practice elsewhere, we affirm the Board's decision.

¶ 36. IT IS ORDERED that the decision of the Board of Bar Examiners concluding that Mr. Mostkoff failed to satisfy the requirements of SCR 40.05 is affirmed.

¶ 37. SHIRLEY S. ABRAHAMSON, C.J. (*concur-*

---

[6] We appreciate that we may not have addressed each and every one of the arguments presented in Mr. Mostkoff's appeal. To the extent we have not, it is deemed denied. *See Libertarian Party of Wisconsin v. State,* 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (appellate court need not discuss arguments unless they have "sufficient merit to warrant individual attention").

*ring*). I reluctantly join the per curiam. I find myself disagreeing with the governing rules and disagreeing with the result I am compelled to reach under the rules.

¶ 38. The applicant missed the time limitations set forth in our rules for admitting lawyers licensed in other states without having to sit for the Wisconsin bar examination. The applicant in the instant case appears to be a competent lawyer. The people of the state of Wisconsin are not placed in jeopardy by granting admission to this applicant because he was late. He can engage in corporate practice in Wisconsin without being a member of the bar. It seems formalistic, and not necessarily relevant to the issue of the applicant's competence and public protection, to hold the applicant to the time limits, thereby denying him admission to the Wisconsin bar, at least without a Wisconsin bar examination. But that's what time limits are— formalistic, bright lines and not necessarily relevant to the merits of the issue.

¶ 39. If the court makes an exception for this applicant it must, to be fair, make an exception for all late applicants. There's nothing special about this late application that distinguishes it from all others. If it turns out that the court does not want to adhere to its own rules, it must, in my opinion, forthrightly repeal the rules, not surreptitiously avoid or undercut them by making exceptions for some people and not for others similarly situated. Without a repeal of the rules, and because an exception is not an option, I reluctantly join the per curiam.

¶ 40. I am authorized to state that Justice LOUIS B. BUTLER, JR. joins this opinion.

¶ 41. DAVID T. PROSSER, J. (*dissenting*). The petitioner is a qualified attorney who was admitted to

264

practice in Michigan in 1973. If he had applied for admission in 1999 when he moved to Wisconsin, he would have been eligible for admission under SCR 40.05, based on his corporate practice in Michigan. Although he neglected to seek admission at that time, he nonetheless engaged in corporate practice in Wisconsin from 1999 to 2003, and the court indicates that he is not precluded from continuing such practice now. Majority op., ¶ 33.

¶ 42. Inasmuch as the petitioner could have been admitted without a problem in the past and may continue corporate practice without admission in the future, I see no sensible reason why we should not admit him to the bar and subject him to Wisconsin membership dues, Wisconsin continuing legal education requirements, and Wisconsin discipline. The court has the power to admit Mr. Mostkoff and I would do so. His admission could be conditioned on any reasonable requirement that reinforces the integrity of our rules on reciprocity and education.