IN the MATTER OF the ADMISSION OF Kurt V. BLUE DOG.

Supreme Court

*No. 85–1104–BA.  Filed November 5, 1985.*
(Also reported in 375 N.W.2d 660.)

PER CURIAM.  *Review of Board of Attorneys Professional Competence determination; matter remanded to Board for further consideration.*

We review, pursuant to our original jurisdiction in bar admission matters, the determination of the Board of Attorneys Professional Competence (Board) that the applicant, Mr. Blue Dog, does not qualify for admission to practice law in Wisconsin on proof of practice elsewhere under the court's bar admission rules, SCR Chapter 40.  The Board construed SCR 40.05(1)(b)[1] to re-

---

[1] SCR 40.05 provides in its entirety:

"(1) An applicant shall satisfy the requirements as to legal competence by presenting to the clerk:

"(a) proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia;

"(b) proof that he or she has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission.

"(2) Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to prac-

quire that in order to qualify an applicant for bar admission in Wisconsin pursuant to SCR 40.05, the applicant's active practice of law must have been conducted in a jurisdiction in which the applicant had been admitted to the practice of law. Because Mr. Blue Dog's practice of law, for the most part, occurred in jurisdictions in which he had not been admitted to practice, the Board determined that he did not qualify for admission under SCR 40.05 and recommended that his application for bar admission in Wisconsin be denied.

Except for legal service other than "the active practice of law," which our rules, SCR 40.05(2) and (3), specifically permit to be deemed the "active practice of law" for purposes of bar admission, our rules do not explicitly require the practice of law in other jurisdictions to have been conducted where the applicant had been admitted in order for such practice to qualify for purposes of bar admission under SCR 40.05(1)(b). We conclude that SCR 40.05(1)(b) does not implicitly require applicants to have been admitted to the practice of law in other jurisdictions in order to have their active practice of law in those jurisdictions qualify under that rule, pro-

---

tice law, may be deemed to be the practice of law for the purposes of sub. (1)(b).

"(3) The following activities, whether or not conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purpose of sub. (1)(b):

"(a) service as a judge of a court of record of the United States, any state or territory or the District of Columbia;

"(b) legal service with any local or state government or with the federal government;

"(c) legal service in the armed forces of the United States;

"(d) teaching in any law school approved by the American bar association.

"(4) An applicant who has failed the Wisconsin bar examination shall not be eligible for admission on proof of practice elsewhere for a period of 2 years from the date of notification by the board of the failure."

vided their practice of law did not constitute the unauthorized practice of law under applicable laws and regulations. Consequently, we reverse the Board's determination on this question and remand the matter to the Board for further consideration of Mr. Blue Dog's qualification for bar admission under SCR 40.05(1)(b). Because this is the first occasion we have had to construe SCR 40.05(1), our decision applies prospectively.

Mr. Blue Dog was admitted to practice law in Minnesota in October, 1977, and has been a member in good standing of that bar since then. He was employed as a staff attorney for the Native American Rights Fund (NARF) in Boulder, Colorado from August, 1977, through December, 1983. Mr. Blue Dog's practice involved matters before federal courts and administrative and legislative agencies, as his clients were Indian tribes and organizations, and he obtained special permission from the Colorado Supreme Court to practice before federal courts and agencies in Colorado without first being admitted to the Colorado bar. It is on the basis of this "active practice of law" that Mr. Blue Dog sought to qualify for bar admission under SCR 40.05(1)(b).

The Board determined Mr. Blue Dog did not qualify for admission under SCR 40.05 because he "was not primarily engaged in the practice of law in a jurisdiction where he was admitted for three years within the five-year period in question." That determination was based on the fact that Mr. Blue Dog had not been admitted to practice law in Colorado or in the other jurisdictions in which he conducted his practice. Mr. Blue Dog sought review of that determination in this court, and the court permitted him and the Board to file briefs in the matter.

Mr. Blue Dog presented two grounds on which he contended the Board's determination and adverse recommendation on his admission application should be overruled: (1) the Board impermissibly construed SCR

40.05(1)(b) to require, as a condition for admission on proof of practice elsewhere, that an applicant have practiced law three out of five years in a jurisdiction where the applicant had been admitted to the practice of law; (2) the Board's determination violated due process and equal protection requirements "because it draws an irrational distinction between attorneys who practice as staff attorneys for foundations and those who serve as trust officers, government attorneys and teachers," and it violated the privileges and immunities clause of the United States Constitution "because it discriminates against certain nonresidents without a substantial reason for differing treatment and without having a substantial relationship to state objectives." Because we reverse the Board's determination on the basis of our construction of SCR 40.05(1)(b), we do not reach the constitutional issues raised by Mr. Blue Dog.

Mr. Blue Dog argued that he has satisfied SCR 40.05 (1)(b) by reason of his having been "extensively involved in litigation before courts of the United States and in federal administrative and legislative activity." He emphasized that his practice in Colorado had been authorized under a special arrangement between NARF and the Colorado Supreme Court, although that arrangement limited his practice of law to NARF matters and, further, prohibited him from practicing in Colorado state courts.

The Board, on the other hand, took the position that the term "active practice of law in the courts" used in SCR 40.05(1)(b) implies "lawful" practice, that is, practice in courts of jurisdictions in which the applicant has been admitted to the practice of law. Any other interpretation, the Board argued, would "condone and reward the unauthorized practice of law," citing sec. 757.30, Stats., which imposes a penalty on the practice of law in Wisconsin by a person not licensed to practice

law in the state. That statute, in subsection (2), applies to a person who appears in a representative capacity in federal court.[2]

The Board also argued that its construction of SCR 40.05(1)(b) is correct because, in order to assess an applicant's qualifications for admission to practice law in Wisconsin, the Board must be able to rely on the regulatory authorities of the other jurisdictions where the applicant has practiced to have monitored the applicant's compliance with continuing legal education requirements designed to ensure professional competence and to have observed and, where appropriate, investigated and disciplined the professional conduct of the applicant. However, an applicant who practiced in a jurisdiction without being admitted to practice would not be subject to that jurisdiction's regulation of the professional competence and conduct of attorneys. Consequently, that information would not be available to the Board in its assessment of the applicant's qualifications and fitness to practice law in Wisconsin.

We determine that an applicant for admission to practice law in Wisconsin on proof of practice elsewhere, pursuant to SCR 40.05(1)(b), need not have been admitted to the practice of law in the jurisdiction where that active practice took place in order to qualify for admission pursuant to that rule. This presupposes, however, that the applicant's active practice elsewhere was

---

[2] Section 757.30(2), Stats., provides: "Every person who appears as agent, representative or attorney, for or on behalf of any other person, or any firm, copartnership, association or corporation in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state, or who otherwise, in or out of court, for compensation or pecuniary reward gives professional legal advice not incidental to his or her usual or ordinary business, or renders any legal service for any other person, or any firm, copartnership, association or corporation, shall be deemed to be practicing law within the meaning of this section."

not unauthorized, that is, was not in violation of the laws and rules of the jurisdiction in which the practice occurred. If the applicant was actually engaged in the active practice of law in the courts of another jurisdiction, as the rule provides, it appears that the information the Board seeks concerning an applicant's qualifications and fitness would be available from the other jurisdiction(s), even though the applicant had not been admitted to the practice of law there. The Board, if it chose, could solicit observations and, perhaps, even a recommendation from the courts before which the applicant practiced. We would expect that any adverse observations concerning the applicant's fitness, whether in terms of competence or ethical conduct, would be forthcoming.

If the proper construction of SCR 40.05(1)(b) with respect to whether an applicant must have engaged in the active practice of law in a jurisdiction where admitted were the only matter of concern to the Board in making its recommendation on Mr. Blue Dog's application for bar admission, our decision would conclude the Board's consideration of his application. However, the Board stated that it did not reach two other issues the determination of which directly affect its recommendation. First, the Board made no findings concerning Mr. Blue Dog's character and fitness for the reason that it had initially determined he did not qualify for admission pursuant to SCR 40.05(1)(b). Second, the Board made no determination whether Mr. Blue Dog had been "primarily engaged in the active practice of law in the courts of the United States . . ." for the requisite period, as required by SCR 40.05(1)(b), in light of only six federal cases listed in his application as those in which he participated as attorney. The Board requested that, if the court concluded that "active practice of law" includes practice exclusively in federal courts without

the applicant's having been admitted to practice law in the jurisdictions of those courts, this matter be remanded for its determination on the question whether Mr. Blue Dog was *primarily* engaged in the active practice of law in the courts for three of the five years preceding the date of his application.

As these matters are within the scope of the Board's function in the bar admission procedure, the Board should determine them and make a recommendation on Mr. Blue Dog's application accordingly. We therefore remand this matter to the Board for that purpose.

IT IS ORDERED that the matter is remanded to the Board of Attorneys Professional Competence for further consideration not inconsistent with this opinion.

LOUIS J. CECI and WILLIAM A. BABLITCH, JJ., dissent; they agree with the Board of Attorneys Professional Competence's construction of SCR 40.05(1)(b) to require the active practice of law to have been conducted in a jurisdiction where the applicant was admitted to the practice of law in order to qualify the applicant for bar admission in Wisconsin on proof of practice elsewhere.