Neal KIRKPATRICK, Plaintiff–Appellant,

v.

Leander J. SHAW, Jr., John H. Moore, Defendants–Appellees.

No. 93–3400
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 5, 1995.

Neal Kirkpatrick, Palm Harbor, FL, Pro Se.

Wendy Morris, Asst. Atty. Gen. of FL, Dept. of Legal Affairs, Tallahassee, FL, for Shaw.

C. Graham Carothers, Ausley, McMullen & McGhee, P.A., Tallahassee, FL, for Moore.

Before KRAVITCH, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Neal Kirkpatrick, a Florida resident, filed this pro se civil rights action against then Chief Justice Leander Shaw, of the Florida Supreme Court, and John Moore, executive director of the Florida Board of Bar Examiners ("FBBE"). Kirkpatrick has alleged numerous constitutional deficiencies in Florida's bar admissions system.

Kirkpatrick was admitted to practice law in Oklahoma in 1956 and New York in 1959. He moved to Florida in 1978, but did not practice law there. In 1989, he applied for admission to the Florida bar, and he passed the Florida bar exam.

The FBBE's character investigation revealed certain facts adverse to Kirkpatrick's application for admission to the bar. Pend-

ing a more extensive FBBE investigation, Kirkpatrick filed this complaint in federal district court. He complained that the FBBE requirements for attorneys who had been previously admitted in other jurisdictions were unduly burdensome, and unconstitutionally violated freedom of speech, full faith and credit between states, the Commerce Clause, the Due Process and Equal Protection Clauses, and the Privileges and Immunities Clause.

During the pendency of this lawsuit, the FBBE granted Kirkpatrick a hearing, and determined that he lied on his bar application and omitted information about past unethical conduct. On December 31, 1991, the FBBE recommended that the Florida Supreme Court deny Kirkpatrick's application for admission to the bar, and the Court adopted the recommendation. Kirkpatrick raised constitutional objections in petitions for review before the Florida Supreme Court and the United States Supreme Court. The Florida Supreme Court denied Kirkpatrick's petition for review on November 17, 1992, and the U.S. Supreme Court denied certiorari on April 19, 1993.

■ The district court reviewed Kirkpatrick's constitutional claims and granted the defendants' motion for summary judgment on October 20, 1993. Kirkpatrick filed a notice of appeal on November 12, 1993. On February 10, 1994, the district court awarded attorneys' fees against Kirkpatrick.[1]

■ The district court correctly determined that it had subject matter jurisdiction only over Kirkpatrick's facial challenge to the constitutionality of Florida's general rules and procedures governing admission to the bar (the "Florida Bar Rules"). Federal district courts lack jurisdiction over claims, "based on constitutional or other grounds, that a state court's judicial decision in a

particular case has resulted in the unlawful denial of admission to a particular bar applicant." *Berman v. Florida Bd. of Bar Examiners,* 794 F.2d 1529, 1530 (11th Cir.1986). Review of the merits of the Florida Supreme Court's decision to deny Kirkpatrick's application may be had only in the Supreme Court on certiorari. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983).[2]

The district court proceeded to address Kirkpatrick's objections to the facial validity of the Florida Bar Rules. The court correctly rejected all of Kirkpatrick's arguments.

(a) *Full Faith and Credit*

■ Kirkpatrick argues that his admission to practice law in Oklahoma and New York is a state court judgment that must be accorded full faith and credit in the courts of Florida. *See U.S. Const.* art. IV, § 1. However, Kirkpatrick's admission in Oklahoma and New York qualified him to practice law only in those states, not in Florida. The district court correctly held that admission to practice in another state does not entitle an applicant to automatic admission to the Florida bar. *See O'Neal v. Thompson,* 559 F.2d 485, 486 (9th Cir.1977) (per curiam); *Hawkins v. Moss,* 503 F.2d 1171, 1175–76 (4th Cir.1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975).

(b) *Privileges and Immunities*

■ Kirkpatrick argues that the Privileges and Immunities Clause (of Article IV) prevents states from interfering with the "fundamental right" to practice law. Kirkpatrick fails to state a claim under this constitutional provision, because the Florida Bar Rules do not discriminate on the basis of out-of-state residency. *See Supreme Court of Virginia v. Friedman,* 487 U.S. 59, 65, 108

---

1. Plaintiff–Appellant failed to file a separate notice of appeal from the order awarding attorneys' fees. Because Plaintiff–Appellant's brief was not filed within the time specified by Fed.R.App.P. 4, it is ineffective as a notice of appeal. Therefore, because the requirements of Fed.R.App.P. 3 are jurisdictional in nature, appellate review of the award of attorneys' fees is inappropriate. *See Smith v. Barry,* 502 U.S. 244, 248–50, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992).

2. Plaintiff–Appellant has moved the Court to supplement the record with a transcript of his hearing before the FBBE. Because this Court lacks subject matter jurisdiction over the merits of the Florida Supreme Court's denial of his admission, this motion is denied as moot.

S.Ct. 2260, 2264–65, 101 L.Ed.2d 56 (1988) (disparate treatment of nonresident bar applicants violates Privileges and Immunities Clause); *Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 288, 105 S.Ct. 1272, 1280, 84 L.Ed.2d 205 (1985) (residency requirement for bar applicants held unconstitutional); *Giannini v. Real,* 911 F.2d 354, 357 (9th Cir.) (requiring out-of-state attorneys to take the California bar does *not* violate the Privileges and Immunities Clause because there is no disparate treatment of nonresidents), *cert. denied,* 498 U.S. 1012, 111 S.Ct. 580, 112 L.Ed.2d 585 (1990). All Florida bar applicants, both residents and nonresidents, must meet the same requirements for admission.[3]

#### (c) *Commerce Clause*

 Kirkpatrick also alleges that the Florida Bar Rules violate the negative implications of the Commerce Clause because they have a protectionist purpose (i.e., to prevent out-of-state attorneys from practicing law in Florida) and/or because the rules impose an undue burden on interstate commerce. Kirkpatrick has failed to demonstrate that the Florida Bar Rules discriminate against interstate commerce, either facially or in practical effect. *See Brown–Forman Distillers Corp. v. New York Liquor Authority,* 476 U.S. 573, 579, 106 S.Ct. 2080, 2084, 90 L.Ed.2d 552 (1986). State regulations that do not discriminate against interstate commerce are struck down only if "the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). Requiring all applicants to the Florida bar to submit to a review for fitness to practice law is not a "clearly excessive" burden, especially in light of the expected benefit of protecting Florida's citizens from unscrupulous attorneys. *Cf. Scariano v. Justices of the Supreme Court of Indiana,* 38 F.3d 920, 928 (7th Cir.1994) ("The requirement that a practitioner wishing to practice in two states take the bar exam in both

states is not excessive in light of the state's interest in regulating the profession.").

#### (d) *Due Process and Equal Protection*

Kirkpatrick argues that the FBBE's character review process is unduly lengthy, burdensome and irrelevant, and that the bar's character requirements are unconstitutionally vague and subjective. Kirkpatrick also argues that the Rules violate equal protection because out-of-state lawyers, as a class, are subject to more stringent standards for seeking a Florida license than other out-of-state professionals, such as physicians and architects.

 The right to practice law is not a fundamental right and therefore rational basis review is the appropriate standard for classifications affecting applicants for admission to the bar. *See Jones v. Board of Commissioners of Alabama State Bar,* 737 F.2d 996, 1000 (11th Cir.1984). We agree with the district court that Florida may require bar applicants to undergo a character and fitness investigation before being allowed to practice law. This requirement is rationally related to Florida's interest in regulating the practice of law. *See Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975) ("States have a compelling interest in the practice of professions within their boundaries, and … they have broad power to establish standards for licensing practitioners and regulating the practice of professions…. The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.' ") (citations omitted); *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957) ("A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar," as long as the qualifications are rationally related to the applicant's fitness to practice law).

---

**3.** The plaintiff's argument that the Florida Bar Rules impair his fundamental right to travel is also without merit.

(e) *First Amendment Freedom of Speech*

The Supreme Court has recognized that attorneys have a protected right to commercial speech under the First Amendment. *See, e.g., Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Kirkpatrick argues that Florida's bar admissions process constitutes a prior restraint on protected commercial speech by attorneys. Kirkpatrick's basic argument is that the Florida Bar Rules prevent otherwise qualified applicants from engaging in speech as attorneys, pending the favorable outcome of a character investigation. His argument fails, *inter alia,* because he has not "qualified" and because his claim that Florida is improperly rejecting his application is without merit. None of the challenged Florida Bar Rules violate the First Amendment. The district court properly found this argument to be without merit.

For the foregoing reasons, Plaintiff–Appellant has failed to demonstrate that the Florida Bar Rules violate the United States Constitution.

AFFIRMED.[4]

**4.** Plaintiff–Appellant's request for oral argument is denied.