In the MATTER OF the BAR ADMISSION OF Wendy Lynne HELGEMO:

Wendy Lynne HELGEMO, Petitioner,

v.

BOARD OF BAR EXAMINERS, Respondent.

Supreme Court

*No. 01–2611–BA. Submitted on briefs May 2, 2002.—Decided May 31, 2002.*

2002 WI 57

(Also reported in 644 N.W.2d 912.)

For the petitioner there were briefs by *Gordon E. McQuillen* and *Cullen Weston Pines & Bach LLP,* Madison, and *Wendy L. Helgemo,* Black River Falls.

For the respondent there was a brief by *Alan Lee,* assistant attorney general, and *James E. Doyle,* attorney general.

¶ 1. PER CURIAM. We review, pursuant to SCR 40.08(5),[1] a decision of the Board of Bar Examiners (Board) concluding that the petitioner, Wendy Lynne Helgemo, failed to satisfy the requirements for admission to the practice of law in Wisconsin based on "proof of practice elsewhere." SCR 40.05. The Board also declined to allow Ms. Helgemo to maintain a simultaneous application to sit for the Wisconsin bar exam. We affirm the Board's conclusion that Ms. Helgemo failed to satisfy the requirements of SCR 40.05(c). However, we conclude that the Board erred in precluding Ms. Helgemo from maintaining a separate application to sit for the Wisconsin bar exam and, as will be discussed herein, we direct the Board to allow Ms. Helgemo to sit for the Wisconsin bar exam at her earliest convenience.

¶ 2. Ms. Helgemo graduated from the University of Colorado School of Law on May 12, 1995. She moved to Minnesota and commenced employment as a "law clerk" for the Prairie Island Indian Community in Minnesota. During this period she sat for and passed the Minnesota Bar Examination. She was admitted to the Minnesota bar on October 27, 1995. She continued to work for the Prairie Island Indian Community for approximately one year after her admission to the Minnesota bar. Admission to the Minnesota bar was not a prerequisite to her legal employment with the Prairie

[1] SCR 40.08(5) provides that "[a] petition to the supreme court for review of an adverse determination of the board under this rule shall be filed with the clerk within 30 days of the date on which written notice thereof was mailed to the applicant."

Island Indian Community, although she did appear in Minnesota state court on various Indian Child Welfare matters.

¶ 3. In November 1996 Ms. Helgemo was hired as Deputy Solicitor General and later became Acting Solicitor General for the Mille Lacs Band of Ojibwa, in Onamia, Minnesota. She held that position until February 2000.

¶ 4. In March 2000 Ms. Helgemo left Minnesota and commenced employment as a tribal attorney for the Ho-Chunk Nation, centered within the State of Wisconsin. This position did not require that Ms. Helgemo gain admission to the Wisconsin bar. It did require her admission to the Supreme Court of the Ho-Chunk Nation.

¶ 5. On November 29, 2000, Ms. Helgemo applied for admission to the State Bar of Wisconsin. She sought admission pursuant to SCR 40.05, which is entitled: "Legal competence requirement: Proof of practice elsewhere." Supreme Court Rule 40.05(1) provides that an applicant may "satisfy the legal competence requirement" by demonstrating that she satisfies certain requirements. It states in relevant part:

> (1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:
>
> (a) Proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia.
>
> (b) Proof that the applicant has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of

Columbia for 3 years within the last 5 years prior to filing application for admission.

SCR 40.05(1)(a) and (b).

¶ 6. If an applicant proposes to satisfy the "proof of practice" requirement of SCR 40.05(1)(b) by practice in a jurisdiction that has different requirements for admission on the basis of prior practice than does Wisconsin, then the applicant must satisfy those requirements as well. SCR 40.05(1)(c).[2] Consistent with standard SCR 40.05 bar application proceedings, the record reflects that Ms. Helgemo supplied the Board with a copy of the Minnesota rule governing admission based on proof of practice elsewhere. *See* SCR 40.05(1)(c); Minn. R. 7.A.

¶ 7. Minnesota Rule 7.A. is more stringent than the comparable Wisconsin rule. It requires the applicant to demonstrate that she has engaged in the active practice of law for five of the previous seven years. It states in relevant part:

7.A. Eligibility by Practice. An applicant may be eligible for admission without examination if the applicant

---

[2] SCR 40.05(1)(c) provides:

If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

Similarly, SCR 40.05(1m)(a) provides that if a particular jurisdiction does not grant reciprocity admission to lawyers based on their "proof of practice" in Wisconsin, then Wisconsin will not allow lawyers from that jurisdiction to be admitted in Wisconsin based on their "proof of practice" in the other jurisdiction.

otherwise qualifies for admission under Rule 4 [the character and fitness requirement] and provides documentary evidence showing that for at least five of the seven years immediately preceding the application, the applicant has been licensed to practice law, has been in good standing in the highest court of another jurisdiction, and as principal occupation, has been actively and lawfully engaged in the practice of law. . . .

Minn. R. 7.A.[3]

¶ 8.  On December 12, 2000, the Board notified Ms. Helgemo that it had determined that her years of practice in Minnesota fell short of the five of seven years of having "actively . . . engaged in the practice of law" necessary to satisfy the durational requirements of Minn. R. 7.A., made applicable to her by SCR 40.05(1)(c). Specifically, the Board advised Ms. Helgemo that it had declined to "count" the period of time Ms. Helgemo worked as a law clerk for the Prairie Island Indian Community prior to her admission to the Minnesota bar. The Board also declined to "count" the time Ms. Helgemo practiced as a tribal attorney for the Ho-Chuck Nation within Wisconsin.

¶ 9.  On May 4, 2001, when it had become apparent that the Board was questioning whether she would be admitted to practice under SCR 40.05, Ms. Helgemo submitted a second bar application, seeking permission to sit for the Wisconsin bar examination pursuant to SCR 40.04. The Board advised Ms. Helgemo that it would not permit her to maintain two applications for admission to the Wisconsin bar simultaneously. The Board returned her second application, together with

---

[3] Rule 8.F. provides for the situation where an attorney has received a temporary license to allow representation in a legal services program. It is not relevant here.

the filing fee that had accompanied it. The petitioner was thus unable to sit for either the July 2001 or the February 2002 bar exam.

¶ 10.  On August 30, 2001, the Board issued its final decision concluding that Ms. Helgemo failed to satisfy the "proof of practice elsewhere" requirements for admission to the practice of law in Wisconsin. Specifically, the Board stated:

> The applicant's employment as a law clerk for the Prairie Island Indian Community in Minnesota prior to her admission to the practice of law in Minnesota was not countable as the practice of law for she was not admitted to nor was it conducted before the court of the United States or another state or territory or the District of Columbia.
>
> The applicant's practice as a tribal attorney by the Ho-Chunk Nation in Wisconsin, a state where she was not admitted, is not practice in the court of the United States or another state or territory or the District of Columbia.

*In re Application of Wendy Lynne Helgemo for Admission Under SCR 40.05,* unpublished decision (Board of Bar Examiners, Aug. 30, 2001) at 2. This petition ensued. Ms. Helgemo raises a number of challenges to the Board's decision, which will be addressed seriatim.

¶ 11.  In a review pursuant to SCR 40.08(5) of an adverse determination of the Board, the court adopts the Board's findings of fact if they are not clearly erroneous. *In re Bar Admission of Crowe,* 141 Wis. 2d 230, 232, 414 N.W.2d 41 (1987). The court then determines whether the Board's conclusions of law based on those facts are proper. In making that determination, the court is appreciative of the Board's experience in

administering the court's bar admission rules, but the court makes its legal determinations de novo. *In re Bar Admission of Rusch,* 171 Wis. 2d 523, 492 N.W.2d 153 (1992).

¶ 12.  First, Ms. Helgemo contends that she did satisfy the durational requirements of SCR 40.05(1)(c) such that the Board erred in concluding otherwise. As previously noted, the Board "counted" the period of time from the date Ms. Helgemo was admitted to the Minnesota bar (October 1995) through the date she left Minnesota (February 2000). This period amounts to about four and one-half years and falls short of the five years required by Minn. R. 7.A. Thus, Ms. Helgemo's argument is predicated upon her claim that the Board erred in concluding that "[l]egal service before tribal courts is not one of the activities which the rule allows to be counted as the practice of law."

¶ 13.  Having reviewed SCR 40.05 and Minn. R. 7.A., we are compelled to affirm the Board's decision. As presently drafted, SCR 40.05(1)(b) is clear. It requires "[p]roof that the applicant has been primarily engaged in the active practice of law in the courts *of the United States or another state or territory or the District of Columbia.* . . . " (Emphasis added.) Although Indian tribal courts may be located within the geographic or geopolitical boundaries of a state, they are not state courts; they are courts of separate sovereign nations. *See Teague v. Bad River Band of Chippewa Indians,* 2000 WI 79, 236 Wis. 2d 384, 612 N.W.2d 709. As such, while practice before a tribal court may certainly constitute the active practice of law, it is not the active

practice of law *"in the courts of the United States or another state or territory or the District of Columbia...."*[4]

¶ 14.   Our conclusion is consistent with our holding in *In re Admission of Blue Dog,* 126 Wis. 2d 136, 375 N.W.2d 660 (1985). There, Attorney Blue Dog also sought admission to the Wisconsin bar pursuant to SCR 40.05. At the time of his application Attorney Blue Dog was admitted to the Minnesota bar. However, he practiced predominantly before the federal courts in Colorado although he was not admitted to practice before the Colorado Supreme Court.[5] We admitted Attorney Blue Dog to the Wisconsin bar based on his practice before the *federal* courts of the United States, albeit conducted in a state where he was not admitted to practice. While Ms. Helgemo's legal work is also conducted in a state where she was not admitted (Wisconsin) it was not conducted before the federal courts. Rather, it was conducted before the courts of the Ho-chunk Nation, which are the courts of a separate sovereign nation. Again, this is a jurisdiction with which Wisconsin currently has no reciprocity because the Ho-Chunk Nation is not a "state, territory, or the District of Columbia" as required by SCR 40.05.

¶ 15.   For the foregoing reasons we affirm the Board's conclusion that Ms. Helgemo failed to satisfy the "proof of practice elsewhere" requirements for admission to the practice of law in Wisconsin pursuant to SCR 40.05.

---

[4] Our holding is such that we need not directly address the Board's statement that work as a law clerk can never constitute the practice of law.

[5] Attorney Blue Dog had obtained special permission from the Colorado Supreme Court to practice before the federal courts and administrative agencies of that state.

¶ 16.   Ms. Helgemo next raises a number of challenges to SCR 40.05 and to its manner of application by the Board. First, Ms. Helgemo claims that SCR 40.05 is inherently discriminatory against American Indian attorneys. We disagree. Supreme Court Rule 40.05 treats practice before tribal courts in the same manner that it treats practice before the courts of other separate sovereignties. Moreover, beyond a general assertion that the rule is discriminatory, Ms. Helgemo provides no evidence to support her claim. Indeed, Ms. Helgemo acknowledges there is no record evidence regarding the effect of this rule upon other American Indians who seek to be admitted to the Wisconsin bar, "notwithstanding that they have practiced only in tribal courts previously."

¶ 17.   Ms. Helgemo next asserts that SCR 40.05 is "inherently arbitrary, capricious and unreasonable because it excludes from its list of activities deemed to be the practice of law practice before the highest courts of other jurisdictional bodies of the tribes of American Indians throughout the United States." Again, we cannot agree. The Board is obligated to apply the rule's unambiguous terms to undisputed facts. In this case the Board's conclusion that Ms. Helgemo's tribal practice before the Supreme Court of the Ho-Chuck Nation does not meet the requirements of SCR 40.05 is correct.[6]

---

[6] Similarly, we cannot agree that the Board should have interpreted the existing rule to include practice in tribal courts or that the list of activities that constitute the practice of law set forth in SCR 40.05 should not be considered an exclusive list. The rule is clear and we are bound by its terms. In addition, as

¶ 18. We turn to Ms. Helgemo's claim that the Board's denial of her bar application fails "to give full faith and credit to the admission of petitioner to practice before the Supreme Court of the Ho-Chunk Nation pursuant to Wis. Stat. § 806.245."[7]

¶ 19. Wisconsin Stat. § 806.245 does not require the Board to admit Ms. Helgemo to the Wisconsin bar. Other states have uniformly held that the full faith and credit clause to Article IV, Section 1 of the United States Constitution does not require a state to recognize the bar admissions of a sister state. *See, e.g., Kirkpatrick v. Shaw,* 70 F.3d 100 (11th Cir. 1995); *Giannini v. Real,* 911 F.2d 354 (9th Cir. 1990), *cert. denied,* 498 U.S. 1012 (1990); *Matter of Tocci,* 413 Mass. 542, 600 N.E.2d 577

---

the petitioner correctly acknowledges "there is a lack of uniformity of admission standards among the tribal courts in Wisconsin." As such, it cannot be said that SCR 40.05 is necessarily "arbitrary and capricious" for failing to uniformly recognize practice before any Indian tribal court. Various tribal courts traditionally have had extremely disparate requirements for admission to practice. Some tribal courts do not require their practitioners to have a law degree; in some cases tribal advocates may be admitted based on their tribal membership with rather minimal educational requirements. *See, e.g.,* Frank Pommersheim, *Tribal Court Jurisdiction, A Snapshot From The Field,* 21 VT. L. REV. 7 (Fall 1996). Other tribal courts, such as the Navajo Supreme Court, require all those practicing before the court to pass a tribal bar examination. *Compare* SCR 40.05(1m).

[7] Wisconsin Stat. § 806.245(1) is entitled "Indian Tribal documents: full faith and credit" and provides in relevant part: "(1) The judicial records, orders and judgments of an Indian tribal court in Wisconsin and acts of an Indian tribal legislative body shall have the same full faith and credit in the courts of this state as do the acts, records, orders and judgments of any other governmental entity . . . ."

94

(1992). Similarly, the full faith and credit statute does not require that we automatically admit to the Wisconsin bar any attorney who was admitted to a tribal court in Wisconsin, any more than it requires those tribal courts to automatically admit to its courts any attorneys authorized to practice law in Wisconsin.

■

¶ 20.   Nor are we persuaded by Ms. Helgemo's claim that comity compels the result she seeks. Under the doctrine of comity, where a jurisdictional conflict exists, a court may yield jurisdiction as a matter of discretion and defer to the assertion of jurisdiction by another state or sovereign. A court does so out of mutual respect and for the purpose of furthering the orderly administration of justice. *Teague v. Bad River Band,* 2000 WI 79, ¶¶ 35–36, 236 Wis. 2d 384, 612 N.W.2d 709. The petitioner cites *Teague* for the proposition that comity requires the Board to honor Ms. Helgemo's admission to the Supreme Court of the Ho-Chuck Nation by granting her admission to the Wisconsin bar.

¶ 21.   We disagree. There is no jurisdictional conflict here. This court recognizes the sovereign authority of the Supreme Court of the Ho-Chunk Nation to admit individuals to practice before its courts and to establish its own admission standards.

■

¶ 22.   Next, Ms. Helgemo asserts that the Board misused its discretion when it declined her request for an evidentiary hearing, particularly regarding the nature of her work as a law clerk for the Prairie Island Indian Community. Again we disagree.

¶ 23.   The Board is required to grant an applicant a hearing "only upon a showing that there are facts bearing on the applicant's case that cannot be presented

in writing." SCR 40.08(2). The record does not reflect what facts, if any, Ms. Helgemo was unable to present to the Board in writing. We can perceive no reason why the specifics of her employment with the Prairie Island Indian Community could not have been disclosed to the Board in written form.

¶ 24. Ms. Helgemo suggests further that the Board misused its discretion when it declined to waive the requirements of SCR 40.05 as to her. The bar admission rule governing waiver of requirements provides:

> The Board will consider requests for waiver only on receipt of an application and the applicable filing fee. On receipt of the written request for waiver, the Director will make a ruling and issue an appropriate refund of some or all of the filing fee if the request is denied. The applicant may make written request for review of the Director's determination as to waiver. . . . Board decisions on review will be reported by letter to the applicant.

BA 10.01. However, as the Board reports: "nowhere in the record is there any indication that Ms. Helgemo asked the Board to exercise its authority under SCR 40.10 and waive the requirements of 40.05." Therefore, the Board did not misuse its discretion by declining to waive the requirements; no such waiver was ever formally requested. In any event, under Minn. R. 7.C, the minimum time requirements of Minn. R. 7.A. cannot be waived.[8] As such, it is questionable whether the Board could have waived them in this case.

---

[8] Minnesota Rule 7.C. provides: "No Waiver of Time Requirements. The minimum time requirements and the timely filing requirements of this Rule shall be strictly enforced."

¶ 25. Finally, this petition presents the question whether an applicant seeking admission to the Wisconsin bar pursuant to SCR 40.05 may maintain a simultaneous application to sit for the Wisconsin bar exam pursuant to SCR 40.04.

¶ 26. We can discern no compelling reason for such a policy and the Board has cited no authority for it. We hold that henceforth, as of the date of this order, an applicant to the Wisconsin bar pursuant to SCR 40.05 may simultaneously maintain an application to sit for the Wisconsin bar exam pursuant to SCR 40.04. Consistent with this, we direct that Ms. Helgemo shall be permitted to sit for the Wisconsin bar exam at her earliest convenience. If Ms. Helgemo wishes to sit for the July 2002 exam, she shall so advise the Board within 21 days of the date of this order. The Board is directed to waive any filing deadlines as to Ms. Helgemo.

¶ 27. IT IS ORDERED that the decision of the Board of Bar Examiners concluding that Ms. Helgemo failed to satisfy the requirements of SCR 40.05(c) is affirmed.

¶ 28. IT IS FURTHER ORDERED that Ms. Helgemo shall be permitted to sit for the Wisconsin bar exam at her earliest convenience, notwithstanding any application deadlines that may have passed while this matter was pending.

¶ 29. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. I join the opinion. I do think, however, that the court ought to reexamine its reciproc-

ity rule and ought to adopt a rule relating to how the practice in tribal courts fits into our system for admitting lawyers.