IN the MATTER OF the BAR ADMISSION OF:

Bruce Joseph CROUSHORE and Axley BRYNELSON, LLP,
Petitioners,

v.

BOARD OF BAR EXAMINERS, Respondent.

Supreme Court

No. 98–0437–BA. *Submitted on briefs September 17,
1998.—Decided October 8, 1998.*

(Also reported in 584 N.W.2d 542.)

For the petitioners there were briefs by *Bradley D. Armstrong*, *Andrew J. Clarkowski* and *Axley Brynelson, LLP,* Madison.

For the respondent the cause was submitted on the brief of *Alan Lee*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. PER CURIAM Bruce Joseph Croushore sought review pursuant to SCR 40.08(5)[1] of the decision of the Board of Bar Examiners (Board) declining to certify his satisfaction of the legal competence requirement for bar admission on the basis of practice elsewhere. Mr. Croushore contended that the Board

---

[1] SCR 40.08 provides, in pertinent part:

**Adverse determination.**

. . .

(5) A petition to the supreme court for review of an adverse determination of the board under this rule shall be filed with the clerk within 30 days of the date on which written notice thereof was mailed to the applicant.

failed to address his request for waiver of the bar admission rule, SCR 40.05(2),[2] that permits legal service as corporate counsel in another jurisdiction to be deemed the practice of law in satisfaction of the legal competence requirement only if that work occurred in a jurisdiction where the applicant was admitted to the bar. He argued that the Board erroneously exercised its discretion by not addressing his request for a waiver in its decision of December 22, 1997, in which it concluded that he had failed to establish satisfaction of the legal competence requirements by his corporate counsel work in Alabama, where he was not admitted to the practice of law.

¶ 2.    We determine that the Board did not erroneously exercise its discretion by not addressing Mr. Croushore's request for waiver in its findings, conclusions, and ultimate determination, as it had stated in its prior letter notifying him of its intent to decline to certify his eligibility for bar admission its determination that he did not present an exceptional case or good cause for waiver. However, because that determination was set forth in conclusory language, albeit consistent with the bar admission waiver rule, SCR 40.10,[3] we remand the matter to the Board with directions to

---

[2] SCR 40.05 provides, in pertinent part:

**Legal competence requirement: Proof of practice elsewhere.**

. . .

(2)   Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1) (b) and (c).

[3] SCR 40.10 provides:

**Waiver of requirements.**

Except for the requirements under SCR 40.03, the board may waive any of the requirements of this chapter in exceptional cases

address more fully the issue of waiver, setting forth the reasons underlying its determination that the nature of Mr. Croushore's Alabama corporate practice did not constitute "an exceptional case [or] good cause for a waiver."

¶ 3. Mr. Croushore was admitted to the New York bar in 1974 and worked in a law firm in that jurisdiction until 1982, when he became general counsel, executive vice president, and secretary for a corporate employer in Alabama. Alabama did not require a corporate counsel to be a member of its bar, and Mr. Croushore elected not to become a member. He did, however, retain his membership in the New York bar. In September, 1996, Mr. Croushore relocated to Madison, Wisconsin, where he joined a law firm in an "of counsel" capacity and continued to serve as the Alabama company's corporate counsel. In February of 1997, he also became corporate counsel for a Florida company.

¶ 4. In his application for bar admission on practice elsewhere, Mr. Croushore described his primary duties as corporate counsel to include preparing all legal documents relating to the corporation's real estate holding company, such as loan documents, real estate purchase and sales documents, and leases, and being chiefly responsible for preparing all of its contracts and financing documents. He estimated that he spent 85 to 90 percent of his time performing legal work. He specifically requested that his application be considered a request for waiver of the requirement that corporate counsel work have been conducted in a state where the applicant was admitted to the bar in order to

and for good cause if failure to waive the requirement would be unjust.

be deemed the practice of law for purposes of admission in Wisconsin.

¶ 5. On July 23, 1997, the Board notified Mr. Croushore in writing of its decision to decline certification of his eligibility for admission on practice elsewhere, as it was unable to conclude that he was primarily engaged in the active practice of law for the requisite durational period. The last sentence of the Board's letter stated: "Further, the Board determined that you did not present an exceptional case nor good cause for a waiver of the requirements of SCR 40.05(2), such that failure to waive the requirement would be unjust."

¶ 6. The Board's letter also informed Mr. Croushore that if he wished to contest its decision, he could avail himself of the procedure under SCR 40.08.[4] Mr. Croushore did so, and the Board made findings and

---

[4] SCR 40.08 provides, in pertinent part:

**Adverse determination.**

(1) Before declining to certify an applicant's satisfaction of requirements under this chapter, the board shall notify the applicant in writing of the basis for its decision and, except as to failure of the bar examination under SCR 40.04, the applicant shall have the opportunity to respond in writing within 20 days of the mailing of notification of the board's decision to the applicant at the last address furnished by the applicant in writing to the board.

(2) The board shall grant a hearing to an applicant only upon a showing that there are facts bearing on the applicant's case that cannot be presented in writing. The board shall not grant a hearing on its decision on waiver under SCR 40.10.

(3) Not less than 30 days prior to the hearing the board shall notify the applicant of the time and place thereof, the issues to be considered and that the applicant may be represented by counsel and present evidence.

(4) If the determination of the board following a hearing is adverse to the applicant, the board shall mail a copy of the board's findings of facts and conclusions of law to the applicant at the last address furnished by the applicant in writing to the board.

conclusions supporting its earlier determination that he failed to satisfy the legal competence requirements for bar admission on practice elsewhere. However, those findings and conclusions did not address the issue of waiver of the corporate counsel legal service rule.

¶ 7. In this review, Mr. Croushore asked the court to determine independently of the Board that the circumstances he presented in respect to his Alabama corporate practice warrant waiver of the rule. He also contended that the distinction in SCR 40.05(2) between legal service as corporate counsel or trust officer and legal services in other capacities specified in the rule[5] that need not be conducted in a state where the applicant is admitted to the bar is "vague and arbitrary." Finally, he suggested that the rule should be amended to permit legal service as corporate counsel or trust officer to be deemed the practice of law for purposes of bar admission even if conducted in a jurisdiction where the applicant is not admitted to the bar.

¶ 8. Because we remand the matter to the Board for further consideration and specification of the grounds for its determination on the waiver issue, it is unnecessary to address any of Mr. Croushore's arguments and requests at this time. He will have the

---

[5] SCR 40.05(3) provides:

The following activities, whether or not conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b) and (c):

(a) Service as a judge of a court of record of the United States, any state or territory or the District of Columbia.

(b) Legal service with any local or state government or with the federal government.

(c) Legal service in the armed forces of the United States.

(d) Teaching in any law school approved by the American bar association.

opportunity to respond to any determinations the Board makes following remand.

¶ 9. IT IS ORDERED that this matter is remanded to the Board of Bar Examiners for further consideration and determination consistent with this opinion.